[No. 19068.     Department One. — March 2, 1893.]

THE CITY OF SAN DIEGO, APPELLANT, *v.* C. R. DAUER, TREASURER, ETC., ET AL., RESPONDENTS.

MUNICIPAL CORPORATIONS — SAN DIEGO — SCHOOL DISTRICT — CITY SUPERINTENDENT OF SCHOOLS — SALARY — INJUNCTION — PARTIES. — The city of San Diego as a municipal corporation has no interest in moneys paid into the county treasury to the credit of the school district of the city of San Diego, which is a distinct corporation, whose rights and obligations are governed by the Political Code, and not by the city charter; and the city is not entitled to an injunction to prevent the county treasurer from paying a warrant drawn upon him in payment of the salary of the superintendent of schools of the city of San Diego.

ID. — POWER TO FIX SALARY OF CITY SUPERINTENDENT OF SCHOOLS — CITY CHARTER CONTROLLED BY POLITICAL CODE — PUBLIC SCHOOL SYSTEM. — The power to fix the salary of superintendent of schools of the city of San Diego is vested by section 1793 of the Political Code in the board of education of the city, which, as a general law regulating the public school system, prevails over a provision of the city charter directing the common council to fix such salary.

APPEAL from an order of the Superior Court of San Diego County dissolving an injunction.

The facts are stated in the opinion of the court.

*William H. Fuller*, for Appellant.

*Parrish, Mossholder & Lewis, Johnstone Jones*, and *J. E. Deakin*, for Respondents.

HARRISON, J. — The appellant sought by this action to enjoin the respondent Dauer, as treasurer of the county of San Diego, from paying a warrant drawn upon him in favor of the respondent De Burn for his salary as superintendent of public schools of the city of San Diego. By the charter of the city of San Diego, the salary of the superintendent of schools was originally fixed at fifteen hundred dollars a year, and chapter 9 of the charter directs the common council to readjust and fix anew, in the month of January, 1891, and every four years thereafter, the amount of all official salaries provided for in the chapter. In pursuance of this direction, the common council, on the thirty-first day of January, 1891, passed an ordinance fixing the salary of the superintendent of schools at nine hundred dollars a year. The respondent De Burn was elected superintendent of the public schools of the city of San Diego on the fourth day of May, 1891, and on December 17, 1891, the board of education of that city passed a resolution fixing his salary at $125 per month, to take effect January 1, 1892. Thereafter the president and clerk of the board of education gave an order on the county superintendent of schools, directing him to draw a requisition on the county auditor against the county school fund, in favor of De Burn, for $125 as his salary for the month of January, 1892; and upon the presentation thereof to the county superintendent, he gave to De Burn his requisition upon the county auditor, and upon its receipt the county auditor drew his warrant upon the county treasurer in favor of De Burn for its payment. This action was brought by the plaintiff to restrain the county treasurer from paying the warrant, and also to restrain the president and clerk of the board of educa-

tion from thereafter drawing any similar orders.. A preliminary injunction that had been granted by the judge upon the complaint of the plaintiff was dissolved upon the motion of the defendants, and the plaintiff has appealed from the order dissolving that injunction.

In *Kennedy* v. *Miller, ante,* p. 429, we have held that the city of San Diego is a corporation distinct from the corporation known as the school district of the city of San Diego, and that the rights and obligations of the school district corporation are to be determined by the provisions of the Political Code, and not by those of the charter of the city of San Diego, and also that the powers and duties of boards of education in cities are the same as those of boards of trustees in other school districts. We also held in that case that all the moneys which are apportioned from the school fund, as well as those which are raised by means of a tax for school purposes levied by the board of supervisors, are to be paid into the county treasury, and to remain there until they are paid out upon a warrant drawn by the county auditor under a requisition from the county superintendent of schools.

Section 1793 of the Political Code as amended in 1891 (Stats. 1891, p. 164) authorizes the board of education of a city to elect a city superintendent of schools, and also to fix the salary of its employees. Assuming, therefore, that the superintendent of schools of the city of San Diego is an employee of the board of education of that city, whose functions pertain to the management of the public schools organized within the school district of the city of San Diego under the system established by the legislature, the fixing of his salary would pertain to the board of education, and not to the common council, and such salary would be payable out of the moneys held in the county treasury for the account of the school district of the city of San Diego. These moneys are in the treasury to the credit of the school district, and the city of San Diego, as a municipal corporation, has no interest therein. It therefore appeared

upon the face of the complaint that the plaintiff was not entitled to the injunction sought for, and the order dissolving the same is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.