## RICAUD v. TYSEN.

### (Circuit Court, S. D. New York. January 22, 1897.)

1. RES JUDICATA—DIFFERENT CAUSES OF ACTION.

In an action by a receiver to recover an assessment on certain shares of a national bank, defendant pleaded a prior judgment dismissing a bill brought to charge her father's estate with the same assessment, to which suit she was also a party. *Held*, that the causes of action were different,—that in the earlier suit being the alleged ownership of the shares by the father at the date of the bank's failure, and that in the latter, the alleged ownership by the daughter of the same shares at the same date,—and that, therefore, the former suit operated as an estoppel only as to the matters actually litigated and determined.

2. SAME—EVIDENCE ALIUNDE.

Where the causes of action are different, and the decree in a former suit does not show on its face that the question involved in the present one was directly and necessarily determined, evidence aliunde, consistent with the record, may be received to show that it was actually determined.

78 F.—36

This was an action at law by Addison G. Ricaud, receiver of the First National Bank of Wilmington, against Fannie D. Tysen, to recover an assessment made by the comptroller of the currency on certain shares of the bank's stock. The case was heard on plaintiff's demurrer to the answer, which set up a prior adjudication as an estoppel.

L. Karge, for plaintiff.

A. Prentice, for defendant.

SHIPMAN, Circuit Judge. The plaintiff, as receiver of the First National Bank of Wilmington, N. C., has brought an action at law in this court to recover the assessment made by the comptroller of the currency upon the stockholders of the said insolvent bank, and alleges in his complaint that the defendant, Fannie D. Tysen, was on November 21, 1891, the date when the bank failed, the owner of 214 shares of its stock. The plaintiff's predecessor as receiver had previously brought, and prosecuted to final decree, in the United States circuit court for the Eastern district of North Carolina, a bill in equity, the object of which was to charge the estate of James Dawson, the father of the present defendant, with the same assessment upon the same 214 shares, which the bill alleged belonged to the estate of James Dawson when the bank failed. In that suit the present defendant was made a party. The bill was dismissed. The defendant in this cause has pleaded in bar that the questions sought to be litigated in this action were determined in the North Carolina suit adversely to the receiver, and are res adjudicata. To this answer the plaintiff has demurred. It will be perceived that the causes of action in the two suits are not the same, the cause of action in the North Carolina suit being the alleged ownership by the estate of James Dawson of the stock at the date of the bank's failure, while the cause of action in this suit is the alleged ownership by Mrs. Tysen of the same stock at the same date. The effect of a judgment in a prior action upon a second action between the same parties upon a different claim or demand has been frequently considered of late by the supreme court. Cromwell v. County of Sac, 94 U. S. 351; Davis v. Brown, Id. 423; Russell v. Place, Id. 606. In the Cromwell Case the court said:

"The judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

The course to be pursued when the decree in the former suit does not show upon its face that the question in the second suit was directly and necessarily determined was considered in Packet Co. v. Sickles, 5 Wall. 580, in which case the court said:

"In cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde consistent with the record may

be received to prove the fact; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involves its consideration and determination it will not be concluded."

The decree in the North Carolina case does not show that the court necessarily and directly found that, at the date of the failure of the bank, William Hildreth Field, either as executor of Mrs. M. S. Dawson, or as trustee of Mrs. Tysen, owne¹ the stock. The opinions of Judge Seymour in the circuit court, and of Judge Simonton in the circuit court of appeals (Ricaud v. Trust Co., 17 C. C. A. 170, 70 Fed. 424), are not necessarily parts of the record. They purport to be opinions, and not to be findings of fact. But extrinsic evidence may show that in fact the court necessarily found who was the owner at the date of the failure, and such evidence can be presented under the answer in this case. The answer avers "that each and all the matters set forth in the complaint herein were settled and determined by the said adjudication, and are, as between this plaintiff and this defendant, res adjudicata."

The demurrer to the part of the answer contained in paragraph 6, with regard to the pendency of another suit between the same parties in the superior court for New Hanover county, in the state of North Carolina, is sustained. The demurrer to the answer contained in paragraph 7, which relates to the matter pleaded as res adjudicata, is overruled, with liberty to the plaintiff to answer anew, and without costs.