[S. F. No. 1614.   Department Two.—January 16, 1901.]

G. C. FREEMAN, Appellant, *v.* H. E. BARNUM, Respondent.

ESTOPPEL OF FORMER JUDGMENT—DIFFERENT CAUSE OF ACTION—RES ADJUDICATA.—A former judgment between the same parties is an estoppel in another suit between them upon a different cause of action as to points or questions actually litigated and determined in the former action; but it is not an estoppel as to questions not raised upon the record, though necessarily involved, nor as to defenses which might have been but were not made.

ID.—MANDAMUS AGAINST AUDITOR—SALARY—DEFENSE—TERMINATION OF OFFICE—FORMER ADJUDICATION.—A former judgment upon *mandamus* compelling an auditor to draw his warrant in favor of an assistant district attorney for salary then claimed, adjudging as insufficient a defense then interposed by the auditor that the office was terminated by rescission of the order authorizing the appointment, is an estoppel as to such defense, however meritorious, in a subsequent proceeding in *mandamus* to compel warrants for further installments of the salary of the same officer.

[1] 28 Am. St. Rep. 94.

ID.—CONSTITUTIONAL QUESTION INVOLVED—AUDITOR NOT ESTOPPED.—A constitutional question necessarily involved in the former proceeding in *mandamus*, but not raised upon the record therein, does not estop the auditor from urging it by way of objection to another proceeding upon a different cause of action to compel warrants for subsequent installments of the same salary.

ID.—ASSISTANT DISTRICT ATTORNEY — DEPUTY — CONSTITUTIONALITY OF COUNTY GOVERNMENT ACT FOR PAYMENT.—The assistant district attorney provided for in subdivision 36 of section 25 of the County Government Act is but a deputy, whom the district attorney is authorized to appoint under section 61 of that act, and the provision for his payment under the former section is not unconstitutional.

ID.—POWER OF SUPERVISORS.—If the assistant district attorney were not considered a deputy, the board of supervisors had power to authorize his appointment when, in their judgment, the public interest required it; and it seems that they could also cause the appointee to be discharged when, in their judgment, his services were no longer required, though that question cannot be raised in this proceeding.

APPEAL from a judgment of the Superior Court of Fresno County.   J. R. Webb, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellant.

The judgment in the former proceeding in *mandamus* for a prior installment of the same salaries is an estoppel as to questions litigated in that proceeding. (*Wiese v. San Francisco Musical Soc.*, 82 Cal. 645; *Love v. Waltz*, 7 Cal. 250; *Reed v. Cross,* 116 Cal. 484; *Santa Cruz R. R. Co. v. Board of Supervisors*, 62 Cal. 40; *Barnes v. Glide*, 117 Cal. 1[1]; *Aurora v. West*, 7 Wall. 96; *Louis v. Brown Tp.*, 109 U. S. 162; *Bissell v. Spring Valley Tp.*, 124 U. S. 225; *Oregonian Ry. Co. v. Oregon Ry. & Nav. Co.*, 27 Fed. Rep. 277; 1 Freeman on Judgments, 444, 445; 2 Van Fleet's Former Adjudication, 640, 647, 725-33; 1 Hermann on Estoppel, 97, 138, 262.)

N. C. Coldwell, for Respondent.

The former judgment only settles questions in issue actually contested and decided, the subject matter of the proceeding be-

[1] 59 Am. St. Rep. 153.

ing different. (Van Fleet's Collateral Attack, sec. 16, pp. 17, 29; *Jacobson v. Miller*, 41 Mich. 90; *Cromwell v. Sac County*, 94 U. S. 351; *Russell v. Place*, 94 U. S. 606; *Keokuk etc. R. R. Co. v. Missouri*, 152 U. S. 301; *Davenport v. Chicago etc. R. R. Co.*, 38 Iowa, 633; *Nesbitt v. Riverside etc. Dist.*, 144 U. S. 610.) The plaintiff has pleaded the order of the board author-. izing his appointment, and this throws the whole matter open for new adjudication. (*Brownsville v. Loague*, 129 U. S. 493.) A warrant issued by the auditor would be void; and it would be the duty of the district attorney to recover the money. The court ought not to exercise its discretion to compel an idle act. (*Wiedwald v. Dodson*, 95 Cal. 450; Civ. Code, sec. 3532; *People v. Supervisors*, 12 Barb. 222; *People v. Tremain*, 29 Barb. 96.)

TEMPLE, J.—This is an application for a writ of mandate to compel the defendant, who is auditor of Fresno county, to draw a warrant in favor of the petitioner for certain install- ments of salary alleged to be due him as assistant district at- torney of said county.

In the County Government Act of 1893 (Stats. 1893, p. 346), in section 25, it is provided as follows: "The boards of super- visors, in their respective counties, have jurisdiction and power, under such limitations and restrictions as are prescribed by law: . . . . Subd. 36. To authorize the district attorney to ap- point an assistant district attorney, which office is hereby created," etc.

Pursuant to this act the supervisors of Fresno county, on the nineteenth day of November, 1895, duly authorized the district attorney to appoint such officer, and accordingly the appellant was appointed December 2, 1895, and immediately qualified, and has ever since continued to discharge the duties of the office. On the 16th of February, 1897, the board of super- visors of the county of Fresno made an order revoking and rescinding the order authorizing the district attorney to appoint an assistant. This action was brought to compel the payment of salary for the months of February, March, and April, 1898.

In defense, the auditor contends that the statute giving the supervisors power to authorize the district attorney to make

the appointment is void; and also that the rescinding of the order by the supervisors terminated the office.

The last point above mentioned seems to possess merit, but, unfortunately, the auditor is in no condition to urge that defense. The plaintiff, in his petition, sets up as an estoppel a former judgment between the same parties in a proceeding to compel defendant to issue a warrant for salary which accrued in March, 1897. As a defense in that case, the auditor, who is also defendant in this, set up the order made February 15, 1897, rescinding and revoking the said order made November 19, 1895, in pursuance of which the plaintiff was appointed. It is averred that the issue so raised was duly tried and determined by the court, and judgment rendered, in effect, holding that said attempt to rescind the order of November 19, 1895, was ineffectual, and did not deprive plaintiff of his right to be paid for his services. These allegations as to the former adjudication are not controverted in the answer.

The matter, then, was directly put in issue in the former action, and it was there duly tried and solemnly adjudged that, notwithstanding the rescinding order, plaintiff was entitled to his salary.

The law upon this subject is stated by Justice Field in *Cromwell v. Sac County*, 94 U. S. 351. It was held that a judgment between the same parties is an estoppel in another suit upon a different cause of action as to points or questions actually litigated and determined. If the point or matter of fact has by them or those to whom they are privy in estate been once distinctly put in issue and solemnly found against them, they are precluded from contending to the contrary.

But this estoppel in actions upon a different cause of action only extends to matters actually litigated and determined, and not to questions involved and defenses which might have been, but were not made. This applies to the question as to the constitutionality of subdivision 36 of section 25 of the County Government Act of 1893. It is true that matter was necessarily involved and must have been determined before judgment could have been entered in the former suit. But it does not appear from the record that such question was raised and litigated. This being a different action upon a different cause of

action, the defendant is not estopped from raising the objection. But that matter is easily determined. The assistant district attorney was but a deputy, and by section 61 of the same act the district attorney could appoint as many deputies as he saw fit. The statute only authorized the board to pay an additional assistant. That they may do this follows from the views expressed in *Tulare County v. May*, 118 Cal. 303.

If the plaintiff was not a deputy, but was filling an office created by the subdivision alluded to, the result would be the same. The board then had the power to authorize the district attorney to fill the office when, in their judgment, the public interest required it. In my judgment, the board could also cause the appointee to be discharged, when in their judgment, his services were no longer required. (*Ford v. Harbor Commrs.*, 81 Cal. 19), but defendant is precluded from making that defense.

The judgment is reversed and a new trial ordered.

McFarland, J., and Henshaw, J., concurred.