## SODERBERG v. ARMSTRONG et al.

(Circuit Court, D. Nevada. June 30, 1902.)

No. 687.

1. PLEA IN BAR—GENERAL REPLICATION—NOT ADMISSION THAT PLEA IS SUFFI-
CIENT.

Under equity rule 33, providing that, "if upon an issue the facts
stated in a plea are determined for the defendant they should avail
him so far as in law or equity they ought to avail him," the filing
of a general replication to a plea in bar is not an admission of the suf-
ficiency of the plea.

2. SAME—FORMER JUDGMENT—IDENTITY OF ISSUES.

Where, in a suit to enjoin defendants from extracting ore from a cer-
tain mine, defendants filed a plea in bar that in a suit for the same
purpose, brought by the grantor of complainant against these defend-
ants, they had judgment, and it appears that in such suit they denied
that the complainant therein owned the mine, and also denied that
they had extracted any ore therefrom, and it does not appear on which
of such issues the case was decided, the plea is insufficient.

N. Soderberg, for complainant.
Alfred Chartz, for defendants.

HAWLEY, District Judge (orally). This is a suit for an injunc-
tion to enjoin the defendants from extracting mineral ore "from a
divided one-half interest, to wit, the south one-half, of said mining
location and mine, in and to that certain piece or parcel of mining
ground in said Devil's Gate and Chinatown mining district known
as and called the 'Lucky Star Mining Claim,' * * * the said
divided part or portion of said Lucky Star, of which complainant is
the exclusive owner, being the south one-half thereof, and consisting
of all that part of the Lucky Star mine and mining claim which lies
outside of and to the south and west of that certain mining claim
patented and known as the 'Monarch,' and being 750 feet in length
and 600 feet in width, more or less; also an undivided one-sixth in-
terest in and to the remaining, to wit, the north, one-half of said
Lucky Star mine and mining claim." To the complaint in this suit
the defendants interposed a plea in bar, alleging, in substance, that on
March 7, 1898, one Jane Laity brought a suit against Alexander Arm-
strong, William Armstrong, and William Boyce, defendants herein,
in the district court of Lyon county, Nev., praying for the same
relief, in the same manner, for the same matter, and to the same effect
as prayed for herein by complainant's bill of complaint in this suit;
that said suit was regularly tried before a jury, testimony introduced,
and verdict rendered in favor of the defendants, and judgment en-
tered in accordance with the verdict; that said judgment is still in full
force and effect; that after the entry of said judgment, to wit, on
the 8th day of November, 1899, Jane Laity sold and conveyed all her
interest in the mining property which is identically the same land
and mining claim described in complainant's complaint herein; that
Alexander Armstrong is the successor in interest of the right of
Frank Armstrong, defendant in the suit in the state court. The

¶ 1. See Equity, vol. 19, Cent. Dig. §§ 485, 658, 664.

complainant herein filed a general, instead of a special, replication to the defendants' plea in bar, and it is claimed by defendants that by filing this replication complainant admits the sufficiency of the plea. This is denied by the complainant. He also denies the identity of the subject-matter in the litigation in the two cases, and claims that there is no testimony to show that the defendants in the former suit claimed any interest whatever in the north 750 feet of the Lucky Star mine involved herein, and denies that the judgment in the former suit is res judicata, except as to the ownership of certain ores that were in question in that suit.

The old equity practice upon which the decisions relied upon by defendants were based is modified by equity rule 33. It has frequently been so held. In Pump Co. v. Nichols, 12 C. C. A. 578, 580, 65 Fed. 215, 217, the court of appeals said:

"Much stress has been laid upon the rule that a replication to a plea admits its validity, and that, if the particular facts stated in the plea be proved to be true, the bill must be dismissed, without reference to the equity arising from any other facts stated in the bill. Farley v. Kittson, 120 U. S. 303, 314, 7 Sup. Ct. 534, 30 L. Ed. 684; U. S. v. California & O. Land Co., 148 U. S. 31, 13 Sup. Ct. 458, 37 L. Ed. 354. A necessary corollary is that strict proof must be made of 'the particular facts stated in the plea,' and it will not be enough to prove less than, or something different from, what is averred. In the federal practice, however, the rule itself has been modified by equity rule 33, which provides that 'if upon an issue the facts stated in a plea are determined for the defendant, they should avail him as far as in law or equity they ought to avail him.' In respect to that rule the supreme court, in Pearce v. Rice, 142 U. S. 28, 42, 12 Sup. Ct. 130, 135, 35 L. Ed. 925, said: 'It clearly takes from the establishment of the plea the effect it had under the old law. When, by filing a replication, issue is taken upon a plea, the facts, if proven, will now avail the defendant only so far as, in law and equity, they ought to avail him. Under the existing rule, the court may, upon final hearing, do at least what, under the old rule, might have been done when the benefit of a plea was saved to the hearing. 'When,' says Cooper, 'the benefit of the plea is saved to the hearing, the decision of the cause does not rest upon the truth of the matter of the plea, but the plaintiff may avoid it by other matter, which he is at liberty to adduce.' "

In Green v. Bogue, 158 U. S. 478, 499, 15 Sup. Ct. 975, 983, 39 L. Ed. 1061, the court, upon this question, said:

"How far the chancery rule that if a plaintiff replies to a plea in bar, joining issue upon the facts averred in it, thus putting the defendant to the trouble and expense of proving his plea, he thereby admits the sufficiency of the plea, and that, if such facts are found to be true, the bill must be dismissed without reference to the equity arising from any other facts stated in the bill, is affected or modified by rule 33 in equity, * * * was a question put in the opinion of this court in Farley v. Kittson, 120 U. S. 315, 7 Sup. Ct. 534, 30 L. Ed. 684; but its consideration was not deemed necessary to the determination of that case. * * * Undoubtedly, under the rule in the English chancery court, recognized by this court in Hughes v. Blake, 6 Wheat. 453, 472, 5 L. Ed. 303, and in Rhode Island v. Massachusetts, 14 Pet. 210, 10 L. Ed. 423, the plaintiffs would be held to have abandoned their right to have the sufficiency of the plea as a defense to the bill again considered. But we think that, in view of rule 33, which has been adopted since those cases were decided, the plaintiffs may properly ask this court to review the decree of the court below in respect to the sufficiency of the plea. The inequity of having a case turn on the fate of a plea of perhaps immaterial facts, doubtless led to the adoption of that rule. In Pearce v. Rice, 142 U. S. 28, 12 Sup. 130, 35 L. Ed. 925, the effect of the rule was considered, and it was held that under it the court may, upon final hearing, do at least what, under the old rule, might

have been done when the benefit was saved to the hearing; citing Coop. Eq. Pl. 233, and Story, Eq. Pl. § 698, to the effect that if, upon argument, the benefit of a plea is saved to the hearing, it is considered that, so far as appears to the court, it may be a defense, but that there may be matter disclosed in evidence which would avoid it, supposing the matter pleaded to be strictly true, and the court, therefore, will not preclude the question."

See, also, 1 Fost. Fed. Prac. (3d Ed.) § 242; 1 Beach, Mod. Eq. Prac. § 329; 18 Enc. Pl. & Prac. 685, and authorities there cited.

Is the plea in the present case sufficient? Can it be sustained? What is the law upon this subject? The rule laid down in the Duchess of Kingston Case (20 How. St. Tr. 355) "that the judgment of a court of concurrent jurisdiction directly upon the point is as a plea, a bar, or as evidence conclusive between the same parties upon the same matter directly in question in another court," is of universal application. In Russell v. Place, 94 U. S. 606, 608, 24 L. Ed. 214, the court said:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear either upon the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. * * * To render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried and determined,—that is, that the verdict in the suit could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter. * * * According to Coke, an estoppel must 'be certain to every intent'; and if, upon the face of a record, anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence."

To the same effect, see Packet Co. v. Sickles, 5 Wall. 580, 591, 18 L. Ed. 550; Cromwell v. County of Sac, 94 U. S. 351, 355, 24 L. Ed. 195; Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 687, 15 Sup. Ct. 733, 39 L. Ed. 859; City of New Orleans v. Citizens' Bank of Louisiana, 167 U. S. 371, 393, 17 Sup. Ct. 905, 42 L. Ed. 202, and authorities there cited; Ricaud v. Tysen (C. C.) 78 Fed. 561; Freeman v. Barnum, 131 Cal. 386, 389, 63 Pac. 691, 82 Am. St. Rep. 355.

Under the principles announced in these decisions the judgment in the former suit in the state court is not conclusive as to matters which might have been decided, but is conclusive only as to such matters as were in fact decided. Can this court tell from the record and evidence before it what was decided in the suit of Laity against Armstrong? In that suit the complainant claimed to be the owner of the property described in this complaint, and the suit was brought to enjoin the defendants therein from extracting ores therefrom. The answer to that suit, among other things, after denying the ownership of complainant in the property, denied that they "wrongfully

or unlawfully entered in or upon said Lucky Star mining claim, or any part thereof," or ever extracted any ore therefrom. They did not assert any title to the ground in themselves. The judgment rendered in said suit, after the usual recital, is as follows:

"Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered and adjudged that plaintiff take nothing by her said action, and that said action be, and is hereby, dismissed against said defendants, and all of them, and that said defendants do have and recover of said plaintiff, Jane Laity, their costs," etc.

For aught that appears from the record in that case, the verdict of the jury may have been based upon, and the judgment rendered on, the ground that the allegations in the answer as to the nonextraction of any ore was true, without reference to any question as to the title to the property. The record does not affirmatively show that the question of title to the Lucky Star mining claim, as described in the complaint in that suit, was decided. It does affirmatively appear that both questions were within the issues, and might have been litigated; but it does not satisfactorily show that both questions were in fact litigated and determined. In order to have enabled the complainant in that case to recover, it was necessary for her to show, by a preponderance of evidence, to the satisfaction of the jury, that she was the owner of or entitled to the possession of the Lucky Star mine, described in her complaint; and also to prove, in addition thereto, that the defendants had wrongfully extracted and removed mineral ores therefrom. If the verdict of the jury had been in her favor, then this court would know that both of these questions must necessarily have been passed upon and decided by the jury. But it clearly appears from the pleadings therein that defendants might have obtained a verdict in their favor upon two different and independent grounds,—one that complainant was neither the owner of nor entitled to the possession of the mining ground in controversy; the other, if the defendants failed to sustain this proposition, that they had never extracted any ore from any part of the ground. The extrinsic evidence adduced by the defendants shows that both of these questions were properly submitted to the jury; but this fact does not show that both questions were decided by the jury. The judgment was rendered upon the verdict of the jury. Who can tell from the record upon which point the jury decided the case? In McDowell v. Langdon, 3 Gray, 513,—a case in principle on all fours with this case,—it was held that a verdict and judgment for the defendant in an action at law for obstructing the flow of water to the plaintiff's mill, on a plea of not guilty and a specification of defense denying both the plaintiff's right and an injury thereof, are no bar to a suit in equity to restrain such obstruction, unless it appear, either by the record or by extrinsic evidence, that the defendant did not prevail in that action for want of proof that he had violated the plaintiff's right.

Applying the principles of law we have announced to the facts of this case, it is clear to my mind that the plea in bar cannot, upon any legal ground, be sustained. The case must be tried upon its merits. The plea in bar is overruled, and leave given for defendants to answer.