[Civ. No. 157.   Second Appellate District.—January 25, 1906.]

F. P. DAVIDSON, Respondent, v. HUGH J. BALDWIN, Superintendent of Schools of San Diego County, Appellant.

PUBLIC SCHOOLS—SAN DIEGO—CITY SUPERINTENDENT—APPOINTMENT AND SALARY OF.—The board of education of the city of San Diego was authorized under subdivision 2 of article VII of the charter adopted in 1889 (Stats. 1889, c. 20, pp. 643, 712, 713), to appoint and employ a superintendent of schools. Similar powers conferred by the municipal corporation act and by charters adopted under the constitution have been in common use for over twenty years, and have been constantly referred to, and in effect affirmed, in numerous statutory provisions.

ID.—RES JUDICATA—MANDAMUS AGAINST COUNTY SUPERINTENDENT.— The opinion of the supreme court in the case of *San Diego* v. *Dauer*, 97 Cal. 444, in which the city was the plaintiff and its treasurer the defendant, determining that under section 1793 of the Political Code, as amended in 1891, the board of education of the city was authorized to elect a city superintendent of schools, is *res judicata* in a subsequent proceeding in *mandamus* by the city superintendent of schools against the county superintendent of schools, requiring the latter to draw a requisition on the county auditor for his salary. In such *mandamus* proceedings, the parties are the agents of the city and of the county and state and are equally bound by the judgment in the prior action.

ID.—CHARTER OF SAN DIEGO—POWER OF BOARD OF EDUCATION.—By article VII of the charter of San Diego, as amended February 3, 1905, vesting the government of the San Diego school district in the board of education, that board had authority to appoint a city superintendent of schools, and under section 1793 of the Political Code had authority to fix his salary.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, District Attorney, and Albert Schoonover, Deputy District Attorney, for Appellant.

Stearns & Sweet, for Respondent.

SMITH, J.—Application in the court below for a writ of mandate to the county superintendent of schools requiring him to draw a requisition on the county auditor against the special school fund in favor of the plaintiff for the sum of $166.66, claimed by the plaintiff as salary due him for the month of June, 1905. The plaintiff had judgment, and the defendant appeals.

The case is this: By the charter of the city of San Diego, of education was authorized by subdivision 2 of article VII "to appoint and employ a superintendent of schools," etc. appoint and employ a superintendent of schools," etc. (Stats. 1889, c. 20, pp. 643, 712, 713), and under this provision the plaintiff was elected as such on the fifth day of May, 1902, for the term of four years, at which time the salary of the office had been fixed at $2,000 a year. But by an amendment to the charter February 3, 1905, article VII was amended so as to contain three sections only—the first providing generally for the school system of the city; the second for the constitution of a board of education, in which "the government of the San Diego school district shall be vested"; and the third as follows: "The duties and powers of the board of education shall be such as are now or may hereafter be enjoined and conferred on boards of education in city and school districts by the laws of the state of California." (Stats. 1905, c. 11, p. 918.) It is recited in the findings and judgment that it was agreed by the counsel in open court "that the only issue in the case is as to the effect" of the resolution of the board of May 5, 1902, by which the plaintiff was originally elected superintendent; as to which it is found by the court, in effect, that the plaintiff was by the resolution duly elected superintendent, and that he has ever since been and is such. It is now urged by the appellant's counsel (1) that there was no statutory authority for the original election; (2) that, if the power to elect given to the board of education by the original charter was valid, the plaintiff's election could not survive the repeal of the provision giving that power; and (3) that, in the absence of statutory provisions vesting the power of election in the board, there was no such implied power. The questions thus raised will be considered in the order stated.

1. As to the first, the position of the respondent is that the power of the board to elect a school superintendent was conferred by the provisions of section 1793 of the Political Code; and, indeed, both parties, in effect, assume that the provision of the original charter, conferring upon the board of education the "sole power . . . to appoint and employ a superintendent of schools," was invalid or nugatory. But similar powers are conferred by the municipal corporation act, and by charters under the constitution; and powers thus conferred have now been in common use for over twenty years, and have been constantly referred to, and in effect affirmed, in numerous statutory provisions. (Pol. Code, secs. 1533, 1550, 1560, 1616, 1617, 1714, 1788 et seq., 1858, subd. 5, 1874; Stats. 1903, c. 270, p. 388, secs. 3, 5, 8.) Nor, unless it be in the case of *San Diego* v. *Dauer,* 97 Cal. 444, [32 Pac. 561], to be considered presently, has the validity of these powers ever been questioned.

2. As to the second point, if it be assumed that the authority of the board of education to elect a superintendent rested exclusively upon the provision of the charter, it would seem to follow that the plaintiff's term of office terminated with the repeal of the charter provision. But on this point the position of the respondent is that the power of election was conferred by the provisions of section 1793 of the Political Code, and hence continued to exist after the repeal. It also appears from the record that after the amendment took effect the plaintiff, by a resolution of date May 1, 1905, was recognized by the board of education as superintendent of schools, and directed and authorized to perform the duties of that office,—which was, in effect, a reappointment or re-election; and it is claimed by the respondent that the board was authorized to pass this resolution by the provisions of the section cited. In support of this contention the decision in *San Diego* v. *Dauer, supra,* is cited as a conclusive authority; and this contention seems to be supported by the language of the decision, which is that the section cited, as amended in 1891, "authorizes the board of education of a city to elect a city superintendent of schools, and also to fix the salary of its employees." It was, indeed, immaterial to the case whether the validity of the superintendent's election by the board of education rested upon the charter provision, or that

of section 1793 of the Political Code. But the question seems to have been considered by the court, and from what is said in the opinion it must be inferred that it was the opinion of the court that upon the principles announced in the case, and in *Kennedy* v. *Miller,* 97 Cal. 429, [32 Pac. 558], the charter provision was nugatory; for otherwise there would have been no necessity for the reference to the code provision. The opinion cited must, therefore, be regarded as giving the ground of the decision of the court, and it therefore cannot be treated as not involved in the decision. But in the present case it will be unnecessary to pass upon the general question of the construction of section 1793. The judgment of a competent court has effect, not only as a precedent for other cases, but also as an adjudication of the matter in controversy between the parties, and it remains to consider what effect is to be given to it in this aspect. Here the city of San Diego was itself the plaintiff and the defendant was the treasurer, and as such the authorized agent of the county and of the state; and, in fact, the county and also the state was represented by the district attorney, whose duty it was, under the laws of the state, to represent them. We are of the opinion, therefore, that the judgment must be regarded as conclusive upon the real parties to the suit, and as *res judicata* of the question now involved. The parties here are but the agents of the city and of the county and state, and are therefore equally bound by the judgment. (Code Civ. Proc., sec. 1908; *Loftis* v. *Marshall,* 134 Cal. 394, [86 Am. St. Rep. 286, 66 Pac. 571]; 1 Greenleaf on Evidence, sec. 523; Freeman on Judgments, secs. 249, 352. And for discussion of the principle, see *Sheehan* v. *Osborne* (Cal.), 69 Pac. 842.)

3. We are of the opinion, also, if there be any doubt as to the last proposition, and the board was not otherwise authorized to appoint a superintendent, that the power, and, when the necessity occurs (of which it is the judge), the duty to make such appointment is conferred or imposed upon the board, as necessarily implied in "the government of the school district," with which it is expressly invested; and, such being the case, the power of fixing the salary of the superintendent is conferred upon the board by the provision of section 1793 of the Political Code.

The judgment appealed from must therefore be affirmed, and it is so ordered.

Allen, J., concurred.

GRAY, P. J.—I concur in the foregoing opinion on the third and last ground stated therein. I am also of opinion that the case of *San Diego* v. *Dauer* places the proper construction upon section 1793 of the Political Code, and upon the authority of that case, also, I concur on the judgment.