[L. A. No. 10253.   In Bank.—May 28, 1928.]

A. BLOOMQUIST et al., Respondents, v. I. M. HALEY et al., Appellants.

Morris Abraham and Charles I. Rosin for Appellants.

D. K. Gault and Schweitzer & Hutton for Respondents.

CURTIS, J.—Hearings in this action and the two companion actions of *Haley* v. *Bloomquist,* L. A. No. 9584, *post,*

p. 253 [268 Pac. 365], and *Bloomquist* v. *Haley*, L. A. No. 9585, *post*, p. 258 [268 Pac. 364], were granted by this court after decision thereof by the district court of appeal, in and for the second appellate district, second division. The hearings were granted mainly for the reason that we were in doubt as to the correctness of the opinion of the district court of appeal in said action of *Haley* v. *Bloomquist*, L. A. No. 9584. But, desiring to have all three related cases before us upon our final consideration of the action of *Bloomquist* v. *Haley*, L. A. No. 9585, we granted hearings in all of them. After considering the opinions rendered by said district court of appeal in this action and in that of *Haley* v. *Bloomquist*, L. A. 9584, we are satisfied with the correctness of said opinions, and we hereby adopt the same as the opinions of this court. The opinion in this action as written by Mr. Justice Craig is as follows:

"This action is one for unlawful detainer. It concerns the property and one phase of the transaction mentioned in *Haley* v. *Bloomquist* (Civil No. 5519), reported in (Cal. App.), 260 Pac. 569. The opinion in that case states the principal facts involved in this appeal. The appellants make no denial of respondents' assertion that in the instant case the former failed to make certain payments required by the lease. The principal defense on the merits is that Bloomquist purchased the lease, furniture, and furnishings of the hotel in question, and that not having paid Haley the purchase price the latter had a lien under section 3046 of the Code of Civil Procedure for the sale price and had a right to hold the property until the purchase price was paid. In view of our decision in *Haley* v. *Bloomquist, supra*, this defense is not available.

"It is contended that there is no evidence to support the finding that Zeller assigned the lease to the appellants, and that they promised to carry out its terms. The point in this connection is that the written transfer between Zeller and Haley shows that the assignment was made to I. M. Haley, and that T. E. Haley does not appear as a party to it. An inspection of the instrument shows this to be true. However, the complaint contains the allegation that the assignment was made to I. M. Haley and T. E. Haley. The answer fails to deny this assertion, and therefore admits it to be true. This is sufficient basis for the finding that the trans-

fer was so made. (24 Cal. Jur. 952.) Any finding otherwise would be outside the issues and erroneous. (*Welch* v. *Alcott,* 185 Cal. 731 [198 Pac. 626].)

██ "Certain testimony concerning the auction sale was admitted and later was ordered stricken out. The making of this order is assigned as error, but in view of the holding in *Haley* v. *Bloomquist, supra,* that the sale was void and against public policy, the ruling becomes immaterial.

██ "It appears that the judgment contained no provision that execution should not issue until five days after the entry thereof. It is contended that the failure of the court to include such a provision in the judgment was prejudicial error. In that behalf reliance is placed upon section 1174 of the Code of Civil Procedure, under the subdivision entitled 'Execution.' This provision does not affect the contents of the judgment. It merely regulates the time of issuance of execution after judgment, and the code provision is sufficient to protect the appellants' rights, regardless of the judgment.

"We find no other points requiring our consideration."

The judgment is affirmed.

Preston, J., Langdon, J., Richards, J., Waste, C. J., and Shenk, J., concurred.