[Civ. No. 9357. First Appellate District, Division One.—November 25, 1935.]

LOUIS SERVENTE, Appellant, v. WILLIAM F. MURRAY, Mayor, etc., et al., Respondents.

Randall F. Dickey and Dunne & Dunne for Appellant.

Breed, Burpee & Robinson for Respondents.

WARD, J., *pro tem.*—Appellant Servente served as a fireman and subsequently in several capacities as a member of the police department in the city of Alameda. In 1929 he was dismissed by the city manager from all employment in the city of Alameda. In the following year proceedings were commenced against the members of the pension board in the form of a petition for a writ of mandate. The petition alleged that the removal of Servente was accomplished by the arbitrary action of the city manager without notification or the benefit of a hearing. The answer set forth that petitioner had been removed and dismissed, but that the removal was not accomplished arbitrarily and that the refusal of the pension board to grant a pension to Servente was in accordance with the provisions of the pension ordinance. Judgment in that proceeding was rendered against petitioner. The present appeal is from a subsequent judgment rendered against the petitioner Servente for a writ of mandate seeking reinstatement in the police department together with back pay from the date of his discharge.

As a fifth and separate defense to the cause of action set forth in the petition respondents alleged: ''That, in that certain action heretofore pending in the Superior Court of the State of California, in and for the County of Alameda, entitled, '*Louis Servente, Petitioner,* vs. *C. E. Hickok, Victor L. Schaezer and Homer Dallas, as members of the Pension Board of the City of Alameda, County of Alameda, State of California, Respondents,*' No. 113445, judgment and decision was duly and regularly made and rendered finding and determining that, on September 23, 1929, C. E. Hickok, as City Man-

ager of the City of Alameda, joined by William H. Wahmuth, as Chief of Police of the City of Alameda, did remove and dismiss petitioner from the Police Department of the City of Alameda and from all offices and employments held by petitioner therein. . . . That, thereafter, on appeal of said action to the District Court of Appeal of the State of California, First Appellate District, Division II, No. 1526, said District Court of Appeal did find and determine that petitioner herein was duly and regularly dismissed from his position as a member of the Police Department of the City of Alameda.'' The answer further alleged that the judgment in the superior court and the decision and determination of the District Court of Appeal are now final. In the superior court proceeding the findings show the following: ''That, on September 23, 1929, C. E. Hickok, as City Manager of the City of Alameda, joined by William H. Wahmuth, as Chief of Police of the City of Alameda, did remove and dismiss petitioner from the Police Department of the City of Alameda and from all offices and employments held by petitioner therein. That the grounds and cause assigned for such dismissal and removal, and the grounds and cause existing for such dismissal and removal were and are notorious and consecutive insubordination and neglect of duty. That on September 23, 1929, petitioner was notified in writing of said dismissal and removal and the cause thereof, as hereinabove set forth. That on the 18th day of March, 1930, petitioner made application to the Pension Board of the City of Alameda for pension under and in accordance with the Pension Ordinance of the City of Alameda, set forth as 'Exhibit A' to the petition on file herein, and on the 26th day of March, 1930, after hearing and after granting petitioner a full opportunity to be heard, said Pension Board duly and regularly denied said application of petitioner for said pension, and then and there refused, and ever since has refused, to grant to and has not granted to petitioner any pension as a member or former member of said police department.'' On appeal in *Servente* v. *Hickok*, 113 Cal. App. 301, 304 [298 Pac. 116], the court held: ''Here the trial court found that the pension board granted applicants full opportunity to be heard. This is the only hearing under either charter or ordinance to which they were entitled. This board having found that applicants had been removed from the department for causes which would bar them from a pen-

sion under the ordinance, and no attack being made upon that finding, or upon the proceedings leading up to it, it follows that the court was bound to deny the writ for the very obvious reason that *mandamus* will not lie to compel the pension board to grant a pension when the unimpeached record discloses that it was the duty of the board to deny it. (*Mogan v. Board of Police Commrs.*, 100 Cal. App. 270, 276 [279 Pac. 1080].) To have any standing in this proceeding it was incumbent upon petitioners to plead and prove that the pension board acted arbitrarily, capriciously, or fraudulently; or, that in some other respect, the proceedings before the pension board were conducted without due regard for the rights of the petitioners." A petition for hearing before the Supreme Court was denied.

■ Pleas of *res judicata* and estoppel by judgment when presented by proper pleading are defensive matters. (*Vitimin Milling Corp. v. Superior Court*, 1 Cal. (2d) 116–121 [33 Pac. (2d) 1016].) There is a distinction between a second suit on the same cause of action when the judgment is a complete bar, and a suit on a different cause of action where judgment in the first proceeding may be advanced as an estoppel as to matters actually determined. ■ A judgment is conclusive between parties and their successors upon matters directly adjudicated. (Code Civ. Proc., sec. 1908.) Appellant contends that in the prior proceeding the question of petitioner's dismissal was not directly adjudicated and relies primarily upon the case of *Freeman v. Barnum*, 131 Cal. 386, 389 [63 Pac. 691, 82 Am. St. Rep. 355], wherein the court said: "But this estoppel in actions upon a different cause of action only extends to matters actually litigated and determined, and not to questions involved and defenses which might have been, but were not made." In the prior proceeding the answer admitted the allegations relative to the dismissal of the petitioner. It is true that when allegations of a complaint are admitted they cease to be controversial and require no determination. The entry of a judgment is essential, however, to a final disposition of the action. ■ A judgment is entered upon the decision rendered by the court. A decision is a compilation of findings of fact and conclusions of law. An admission in the pleading warrants a finding in conformity thereto. (*Bloomquist v. Haley*, 204 Cal. 251, 252 [268 Pac. 367].) When the history of the proceedings is

recited in the findings of the court and admitted allegations are necessary to determine the rights of the adverse parties, the admitted allegations become adjudicated and directly so by acquiescence of the litigants. The case of *Freeman* v. *Barnum, supra,* has not entirely met with the approval of the courts of this state in later decisions. The rule is that whatever is necessarily included in a judgment, or appears upon its face to have been determined, may be deemed to be adjudicated. (Code Civ. Proc., sec. 1911.) This latter rule is recognized in *Silverston* v. *Mercantile Trust Co.,* 18 Cal. App. 180 [122 Pac. 976], wherein judgment rolls in former actions were set forth in the answer to the complaint and a stipulation entered into that they were correctly pleaded. It was held that their validity as a trust was put in issue and therefore adjudicated, and the court said at page 188: "The rule as to estoppel by judgment is not correctly stated in the Freeman case, *supra.* The learned justice who wrote the opinion apparently overlooked the latter part of section 1911 of the Code of Civil Procedure. That section furnishes the presumption or rule of evidence for our guidance in ascertaining what has been determined by a judgment. We are not limited to that 'which appears upon its face to have been so adjudged', but the judgment also embraces whatever is actually and necessarily included therein or necessary thereto. Parties are therefore estopped, by a former judgment, from contending for the contrary, not only as to the matters which appear to have been determined but also as to those which were necessarily involved therein or necessary thereto." (*Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502–511 [258 Pac. 387]; *Caminetti* v. *Board of Trustees,* 1 Cal. (2d) 354–356 [34 Pac. (2d) 1021].)

To support the plea of *res judicata* it is necessary to prove that there was an identity of parties involved in the two actions. Section 1910 of the Code of Civil Procedure provides: "The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, and a judgment or other determination could in that case have been made between them alone, though other parties were joined with both or either." This rule is subject to certain legal principles appertaining thereto. The successors of parties in interest or agents will sometimes be deemed to be the identical parties if the determined question

is identical. As an example, if an agent extends credit upon his individual responsibility for a premium to an assured, and is charged with the amount by the assurer, the agent may sue for and recover the amount in his own name. Judgment in such a case, though the contract was between the assured and the company, is a bar to the collection of the premium by the company. (*Nisbet* v. *Rhinehart,* 2 Cal. (2d) 477–484 [42 Pac. (2d) 71].) The identity of the issue and the determination thereof is of more importance than the identity of the parties named. If they hold the same rights of interest as principals, agents or representatives and are in fact adverse parties, or their interests are adverse in the two proceedings, the identity of the parties is sufficient. ■ In the present case the identity of the petitioner is identical with the petitioner in the prior proceeding. In the first action there was an adjudication against the members of the pension board of the city of Alameda consisting of the city manager, mayor and treasurer *ex officio.* The present action was instituted against the mayor, city manager, treasurer, auditor and chief of police of the same city. The respondent officers in each case were the agents of the municipality and equally bound by the original judgment. If the second petition had been directed against the chief of police to approve, the auditor to audit and the treasurer to pay the salary claimed, without the inclusion of the mayor or city manager, the officers sued would have been justified in refusing to comply with the demand upon the ground that the petitioner had not performed the work due to a dismissal from the department. In each proceeding the respondents were merely the representatives of the real adverse party, the municipality. Special circumstances may arise making this rule inapplicable, but generally a political subdivision and the officers, boards, commissions, agents and representatives thereof form but a single entity. (*Price* v. *Sixth District Agricultural Assn., supra,* at p. 513; *Davidson* v. *Baldwin,* 2 Cal. App. 733 [84 Pac. 238]; *Bernhard* v. *Wall,* 184 Cal. 612 [194 Pac. 1040]; *People* v. *Holladay,* 93 Cal. 241 [29 Pac. 54, 27 Am. St. Rep. 186].)

■ Appellant contends that the sole authority of the respondents in the first proceeding was in relation to pensions, and that the only matter here in controversy is whether or not the petitioner is, *de jure,* a police officer, and that the

pension board had no authority to determine this latter question. True, but the reason for the denial of the application for a pension was appellant's dismissal from the police department. The same reason must prevail in the present proceeding. Appellant cannot obtain the claimed salary because of nonperformance of the work as the result of a dismissal.

■ It is urged that there was no authority given the pension board to represent the municipality in litigation, and that the municipality was not bound thereby. The municipality does not raise this objection, but appellant, who is the petitioner in each proceeding. As the petitioner in the first proceeding, appellant recognized his right to sue and the right of the respondent pension board to defend.

■ Appellant proceeds one step further and contends that there was no determination of the question of dismissal involving the public, but involving the members of the pension board only, individually in their private capacities; that the capacities of the respondents in the first proceeding were derived solely from the provisions of the pension ordinance and were distinct and complete in themselves. The answer to this argument is that, irrespective of the derivation of the pension board's power, the judgment inured to the benefit of the municipality. The pension board had no power to dismiss appellant from the department, but having been sued it had the right to admit or deny any allegation of the petition relative to his dismissal by another branch of the municipal government. No specific statutory authority is necessary to institute *mandamus* procedings except as contained in the provisions regarding *mandamus*. If an alleged aggrieved party sues the members of a board or commission and a vital issue is determined concerning the rights and interests of the petitioner involving a political subdivision, the petitioner cannot thereafter claim that only the rights of the members of the commission in their private capacities were involved and that there was no determination of the rights of the public. If such a judgment was not effectual against or in favor of a political subdivision there would be no end to litigation. (*Suisun L. Co.* v. *Fairfield School Dist.*, 19 Cal. App. 587–594 [127 Pac. 349].) ■ In the first proceeding the pension board represented the public interest, and if the judgment was upon the merits it is immaterial under such circumstances that the form of the action was an application for a writ of

mandate. (34 Cor. Jur., p. 760, sec. 1173; *Davidson* v. *Baldwin, supra; Bernhard* v. *Wall, supra; Price* v. *Sixth District Agricultural Assn., supra.*) This rule would not apply if the members of the pension board had no authority to present and submit an issue on behalf of a political subdivision. As heretofore noted, the issue of dismissal in the first proceeding was presented by the petitioner. Respondents merely admitted the allegation of removal of Servente from the police department. If respondents denied the issue raised by petitioner, the burden of proving the dismissal, or that the dismissal was invalid, would have been upon the petitioner. It was an issue submitted by the petitioner to which the respondents acquiesced.

The difficulty in this matter is that in the first petition for a writ of mandate the then attorney for petitioner proceeded upon the theory that the dismissal of Servente was a valid dismissal. The attorney in the present petition for a writ of mandate contends that the order of dismissal was utterly void in that the city manager solely on his own motion, without notice or opportunity to be heard, dismissed appellant from the police department; that the allegation of dismissal in the first petition was inadvertently made, and mistakenly admitted in the answer; that in fact appellant was not dismissed. This was a matter that should have been determined upon the original proceeding. In *Caminetti* v. *Board of Trustees, supra,* petitioner obtained a writ of mandate to establish her right to teach in the Jackson Union High School in Amador County. The trustees ignored the writ and refused to reinstate the petitioner in her position whereupon a second writ of mandate was issued to compel payment of salary. The defendants in their answer to the second petition set forth that the certificate of qualification of the petitioner as a teacher was not on file in the office of the county superintendent of schools. On appeal the court said, at page 356 [1 Cal. (2d)] : ''It is apparent that this defense, and the various denials found in the answer, are disposed of by the application of the doctrine of *res judicata.* By its judgment in the first *mandamus* proceeding the court in October, 1931, determined that plaintiff was entitled to teach, and was ready, able and willing to do so, during that school year. The defense that she had disqualified herself by removal of her credentials in May was available at that time, and hence, whether or not

it was actually made, it was determined adversely to defendants by the judgment. It is elementary that the judgment is conclusive not only as to issues raised but also as to those which could have been raised. (*Price* v. *Sixth District Agricultural Assn., supra.*)''

The question of appellant's dismissal and whether or not it was accomplished by the arbitrary action of the city manager was necessarily an issue involved in the pension proceeding and was actually determined. Any error in the pension case would have been reversible on appeal. (*Vitimin Milling Corp.* v. *Superior Court,* 1- Cal. (2d) 116–121 [33 Pac. (2d) 1016].) The issue of dismissal involved in this proceeding having been determined by a prior judgment, no issue of fact of dismissal remains to be litigated. If petitioner was dismissed lawfully, he is not entitled to back salary from the date of dismissal. The court's decision that the petitioner was removed or dismissed for cause necessarily involved a determination that the order of dismissal was lawful. Matters put in issue, although not expressly mentioned in the judgment, if determined by necessary implication, are conclusive on parties to the action and persons in privity with them. This case comes within the general rule that requires parties to rest upon one decision. (*Price* v. *Sixth District Agricultural Assn., supra.*) The second proceeding was *res judicata.* It is therefore unnecessary to consider respondents' additional affirmative defenses of laches, and that the cause of action was barred by the statute of limitations.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1936.