[Civ. No. 18559.   First Dist., Div. Two.   Oct. 28, 1959.]

JACK L. HAINES et al., Respondents, v. ROBERT PIGOTT
et al., Appellants.

Phil F. Garvey for Appellants.

Robert J. Dell 'Ergo and James M. Paxton for Respondents.

DRAPER, J.—This is an action to remove a cloud on title to real property and to quiet plaintiffs' title. Plaintiffs-respondents move to dismiss defendants' appeal upon the ground that the issues have been determined against defendants by a judgment which has become final in another action.

The instant action was commenced in the Superior Court, County of San Mateo, by complaint filed March 11, 1957. The cloud sought to be removed was a recorded agreement dated December 2, 1955, between plaintiffs and defendant husband. By this contract, plaintiffs agreed to convey described land to defendant, and he agreed to construct a residence thereon, which was to be sold and the profits divided as agreed. By cross-complaint, defendants alleged performance of the agreement by them and breach by plaintiffs, and prayed for specific performance, damages, an accounting of profits, and judgment for the net amount due to defendants. The San Mateo court found that plaintiffs had performed the agreement fully, that defendant Robert Pigott had breached by failing to complete the building, and that plaintiffs had completed the building and sold it. The profits were computed. Judgment, rendered July 22, 1958, was that plaintiffs have decree quieting title upon payment to defendants of half the profits, and that defendants take nothing by their cross-complaint. Upon denial of defendants' motion for new trial, they filed timely notice of appeal.

On September 25, 1957, after commencement of the San

Mateo court action, plaintiffs filed suit against the same defendants in the municipal court, San Francisco, on a promissory note. Defendants cross-complained, setting up the agreement of December 2, 1955, and alleging that the note was a part of the same transaction. That cross-complaint set up the same causes of action alleged in the cross-complaint of the same defendants in the case at bar. The action was transferred to the superior court, San Francisco, which by findings and conclusion filed July 14, 1958, determined that plaintiffs had not breached the agreement, that defendants had not fully performed the contract on their part, found the allegations of the complaint to be true and the principal allegations of the cross-complaint to be untrue, and determined that defendants were entitled to an offset in the amount of half the profits under the agreement, which were computed. Judgment in favor of plaintiffs for the principal amount of the note, less this offset, was entered July 15, 1958, seven days before entry of judgment in the San Mateo action. The facts concerning the San Francisco action are established by certified copies of the pleadings, findings and judgment, all filed with plaintiffs' motion to dismiss this appeal.

Plaintiffs' affidavit on the present motion alleges that no appeal was taken from the San Francisco judgment, and that it has become final. These facts are not effectively contradicted by defendants' affidavit.

The effect of that judgment, therefore, is to resolve against defendants all the issues of defense and cross-complaint relating to the 1955 agreement which are raised by them in the San Mateo action.

The final adjudication of even an inferior court made within its jurisdiction is binding and conclusive upon a higher court in a subsequent action. (*Todhunter* v. *Smith,* 219 Cal. 690, 695 [28 P.2d 916].) Generally, when two successive actions deal with the same controversy, the first court to take jurisdiction has priority. But here no effective effort was made to protect the exclusive jurisdiction of the first court. Where two actions involving the same issue are pending at the same time, it is the first final judgment, even though it may be rendered in the second suit filed, that renders the issue res judicata in the other court (Rest., Judgments, § 43). In such case, the first final judgment may be brought to the attention of the court in which an appeal is still pending and relied upon as res judicata. (*Domestic & Foreign*

*Petr. Co.* v. *Long,* 4 Cal.2d 547, 562 [51 P.2d 73] ; *Hart Steel Co.* v. *Railroad Supply Co.,* 244 U.S. 294 [37 S.Ct. 506, 61 L.Ed. 1148] ; 3 Witkin, California Procedure, 1935.) ▋ The normal rule is that the defense of res judicata must be pleaded and proved at trial. (3 Witkin, California Procedure, 1931.) The reason for the exception established by the authorities last cited is made plain in the facts of the case at bar. The judgment of the San Francisco court was not entered until after submission of the case at bar, and did not become final until after rendition of this San Mateo judgment. Thus to require pleading and proof at trial would, in this situation, be to negate wholly the salutary doctrine of res judicata. To reverse the present judgment for any error relating to the rights of the parties under the 1955 agreement would be futile. On retrial, the plea of res judicata obviously would be made by plaintiffs and would have to be sustained.

▋ Defendants argue that title to this real property was not before the San Francisco court. That is true. But all of defendants' present contentions as to the effect and consequences of the 1955 agreement and its performance or breach were properly before the San Francisco court and were determined by it. Thus the bar of res judicata applies as to these issues. While the San Francisco court could not · determine title on the pleadings before it, it could and did determine defendants' rights under the agreement and that determination bars defendants' reliance upon the agreement to establish title or any other right.

Defendants contend that plaintiffs can prevail in this action only on the strength of their own title, and cannot rely upon weakness in that of defendants. But examination of their opposition to the motion to dismiss and of their brief makes clear that they claim only two elements lacking in plaintiffs' title. The asserted weakness based upon the 1955 agreement is disposed of by the San Francisco court judgment. Defendants' other claim is that plaintiffs sold the property after commencement of this action but before judgment. ▋ The rule is clear that the vendee of one who has title at commencement of the action may permit the action to continue in the name of the vendor, who then is entitled to a decree quieting title. (*Knobloch* v. *Associated Oil Co.,* 170 Cal. 144, 147 [148 P. 938] ; 41 Cal.Jur.2d, Quieting Title, § 46.) The record shows title in plaintiffs when the complaint was filed, unless defendants' attacks upon that title are sustained. Since we

have concluded that no appealable issue is presented as to those attacks, the motion to dismiss should be granted.

Appeal dismissed.

Dooling, Acting P. J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.