[Civ. No. 19226.   First Dist., Div. Two.   Nov. 22, 1960.]

ROBERT E. DeCELLE, Respondent, v. CITY OF ALAMEDA et al., Appellants.

Frank Annibale, City Attorney, and Ralph Reisner, Assistant City Attorney, for Appellants.

J. W. O'Neill for Respondent.

McGOLDRICK, J. pro tem.* — Robert E. DeCelle petitioned for alternative and peremptory writs of mandate directing the city of Alameda to pay him a disability pension pursuant to its Ordinance No. 1079 New Series. The alternative writ issued and the parties stipulated that the cause be submitted for decision upon the pleadings and an agreed statement of facts. Judgment was for petitioner, and from that judgment and the peremptory writ of mandamus entered in accordance therewith, the city of Alameda now appeals.

The agreed statement of facts indicates that respondent was first employed by appellant as a member of its fire department on December 12, 1941, and that he was thereafter continuously so employed and upon active duty until on or about January 18, 1955. On that date, and at all times thereafter until the termination of his employment by appellant, respondent held the position of lieutenant in said department. On February 18 of that year respondent filed a written application with the pension board of the city of Alameda (hereafter referred to as "the board") for his retirement on the pension provided for in section 12 of the above-mentioned ordinance. By mutual agreement between the parties, a hearing on this application was postponed until after a final determination had been made upon an application for adjustment of claim to be filed by respondent with the Industrial Accident Commission of the State of California (hereinafter referred to as "the commission") against appellant and its insurance carrier.

Thereafter, respondent filed the aforesaid application with the commission. As alleged in the petition and admitted by the answer, the commission determined that on January 18, 1955, respondent had received an aggravation of a duodenal ulcer, which injury was caused by and arose out of his employment by appellant. The petition further alleges that by reason of said injury petitioner was permanently disabled from performing his duties as a member of said fire department of the city of Alameda. The answer of appellant denies this latter statement. Because of the disability claimed by respondent and pursuant to a state workmen's compensation insurance

*Assigned by Chairman of Judicial Council.

law, the commission awarded respondent the sum of $30 per week for a period of 220 weeks, or a total of $6,600. This award is a proper and mandatory setoff to any pension payments made pursuant to Ordinance No. 1079 New Series. Appellant thereafter filed a petition for reconsideration with the commission, and on October 5, 1956, the commission rescinded its former findings and order made on December 1, 1955, and signed new findings of fact and award which was the same as previously allowed except that it does not contain therein a finding that by reason of said injury petitioner was permanently disabled from performing his duties as a member of said fire department of the city of Alameda.

On June 25, 1958, the board heard arguments and received evidence in connection with respondent's application for a retirement pension, following which, under date of September 10, 1958, it made the following finding and decision:

"Now, THEREFORE, IT IS HEREBY FOUND, DETERMINED AND DECREED that the said ROBERT E. DeCELLE has not become physically disabled by reason of an illness or an injury caused by or arising out of the performance of his duties in the Fire Department of the CITY OF ALAMEDA. It is therefore concluded that the said ROBERT E. DeCELLE be denied a disability pension pursuant to Ordinance No. 1079 New Series."

In connection with the petition for a peremptory writ of mandate which was filed on December 31, 1958, the trial court filed certain findings of fact and conclusions of law. Included therein is the following:

". . . That said finding and decision of said Pension Board was and is erroneous and contrary to and in violation of the law as established by the Supreme Court of the State of California in said case of *French* v. *Rishell*, 40 Cal.2d 477 [254 P.2d 26]; that, upon the evidence properly presented at said hearing before said Pension Board and in accordance with the Findings and Award made in said proceeding before said Industrial Accident Commission, referred to in paragraph 8 hereof, which are final and binding upon respondents herein, petitioner was and is entitled to the disability pension as provided in said Ordinance No. 1079 N. S. and that respondent Pension Board, by denying petitioner's said application for pension and refusing to pay or allow the same, acted arbitrarily and in utter disregard of the legal rights of petitioner, and in violation of the provisions of said Ordinance No. 1079 N. S. That, at said hearing before said Pension Board, evidence was presented which, standing alone and without giving

effect to said findings of said Industrial Accident Commission as set forth in paragraph 8 of these findings, would support the finding of said Pension Board as set forth in paragraph 10 of these findings. However, this Court finds and determines that the findings of said Industrial Accident Commission, viz:

(a) That petitioner received an injury on the 18th day of January, 1955, to-wit: aggravation of duodenal ulcer;

(b) That said injury was caused by and arose out of his employment by said CITY OF ALAMEDA;

(c) That, by reason of said injury, petitioner was permanently disabled from performing his duties as a member of said Fire Department of said CITY OF ALAMEDA;

were and are res adjudicata as to respondents herein and final and binding upon them in the matter of petitioner's said application for pension and that said Pension Board was legally required to adopt said findings of said Industrial Accident Commission and to make its findings in accordance therewith in the matter of petitioner's said application for pension.''

It is to be noted at this point, however, that the findings of the commission after reconsideration do not include the provisions of subdivision (c), *supra.* Since the trial court was influenced in its decision by the case of *French* v. *Rishell, supra,* cited specifically in the findings, it is necessary to consider the elements of the decision as affecting the judgment of the trial court. In *French, supra,* the widow of a fire department official sought to compel a city to pay her a pension pursuant to a section of the city charter which provided ''for the payment of a pension to the family of a member of the fire department who dies as a result of an injury or disability incurred while in the performance of his duty.'' The commission had previously determined that her husband's death proximately resulted from an injury occurring in the course of and arising out of his employment. The city's pension board nevertheless had subsequently denied her application, whereupon she had initiated proceedings in mandamus, just as did respondent in the case at bar. The Supreme Court affirmed the judgment granting the writ on the ground that the doctrine of res judicata was applicable to the commission's decision.

Appellant first contends that under sections 5803-5805 of the Labor Code, the commission had continuing jurisdiction for five years from the date of respondent's injury, or until January 18, 1960, to rescind, alter or amend its prior

orders. A review of *Sutton* v. *Industrial Acc. Com.* (1956), 46 Cal.2d 791 [298 P.2d 857] and *Sprague* v. *Industrial Acc. Com.*, 46 Cal.2d 414 [396 P.2d 548] reveals that this is without question the law of the State of California. Predicated upon these holdings, the appellant argues that the doctrine of res judicata was not applicable to said orders during that five-year period and thus the board acted within its authority when it made an independent determination following the hearing held June 25, 1958, of the issues germane to respondent's pension application.

The following cases upon which appellant relied support this proposition: *Olive Proration etc. Committee* v. *Agricultural Prorate Com.* (1941), 17 Cal.2d 204 [109 P.2d 918]; *Sale* v. *Railroad Com.* (1940), 15 Cal.2d 612 [104 P.2d 38]; *Cowell* v. *Industrial Acc. Com.* (1938), 11 Cal.2d 172 [78 P.2d 1016]; *Employers' Liab. Assur. Corp.* v. *Industrial Acc. Com.* (1935), 7 Cal.App.2d 190 [45 P.2d 371]. Moreover, this conclusion is in accord with *French* v. *Rishell, supra,* inasmuch as the court there specifically stated that "no question is raised as to . . . whether the decision of the commission is a final adjudication. . . ."

However, respondent urges that appellant is precluded from questioning the finality of the commission's decision because of paragraph 4 of the parties' agreed statement of facts, which states that ". . . the decision of the Industrial Accident Commission in said proceeding . . . had become final prior to June 25, 1958 [the date of the board's hearing]."

In *French, supra,* there was no issue as to the finality of the Industrial Accident Commission award. In the case at bar, the respondent's petition alleged that the findings of the commission "have become and are final and binding and conclusive upon said respondent CITY OF ALAMEDA." The answer of appellant, however, specifically denies this. Therefore, this became an issue before the trial court. The question then arises, as to whether the statement in the agreed statement of facts is one of fact or one of law. If it is one of law, it cannot be binding upon this court or the court below. It is quite clear that such a statement, viz., that the decision of the Industrial Accident Commission in said proceeding had become final, is a matter of law. No stipulation by the parties as to the legal effect of this statement is binding on this appeal (*Valdez* v. *Taylor Automobile Co.* (1954), 129 Cal.App.2d 810 [278 P.2d 91]). The trial court specifically found that the awards made by the commission were final and binding upon the

appellant. In view of what we have just stated, this finding was erroneous. It is to be further noted, however, that the doctrine of res judicata is applicable only where the identical issue has been decided in a prior final judgment on the merits.

As was observed in *French* v. *Rishell, supra,* the issue before the pension board was whether or not defendant's husband had died as a result of an injury or disability incurred while in the performance of his duty. That precise question had previously been answered by the commission and as noted by the court, "no question is raised as to the identity of the issue. . . ." In the instant case, however, the situation is otherwise. This is so notwithstanding the recommendation to the commission that the referee for that agency found with respect to respondent's physical condition, an "aggravation of duodenal ulcer, preventing his working as a fireman and requiring him to do work of a more tranquil nature, free from tensions and anxiety." The rating specialist recommended a permanent disability of 55 per cent and the matter was submitted for decision. As we have previously pointed out, the commission only found that respondent had sustained said injury on January 18, 1955, as a result of his employment by appellant. It also found that the injury had caused permanent disability of 55 per cent and awarded respondent $30 per week for 220 weeks. It is apparent that the trial court interpreted the commission's decision as including a finding that "by reason of said injury, petitioner was permanently disabled from performing his duties as a member of said Fire Department of said CITY OF ALAMEDA." We have previously stated that an examination of the findings of the commission discloses no such statement. While it is true that the referee found that the injury prevented respondent's working as a fireman, "it is a panel of the commission and not the referee who makes the findings and award." (*Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.* (1948), 33 Cal.2d 89, 92 [199 P.2d 302].) It cannot be said, therefore, that the commission followed the same reasoning as did the referee even though it adopted the recommendation as to the degree of disability.

It is readily apparent that an employee may receive a permanent disability rating of 100 per cent and be entitled to the disability payments incident to such rating although he is able to return to work at the wages he received before the injury which caused the disability. This conclusion was reached in the case of *Smith* v. *Industrial Acc. Com.* (1955), 44 Cal.2d 364, 367 [282 P.2d 64]. Moreover, ". . . The

ability of the workman to do the exact work for which he had been employed is not the sole measure of disability." (*Postal Tel. Cable Co.* v. *Industrial Acc. Com.* (1931), 213 Cal. 544, 548 [3 P.2d 6].)  ▇  The disability referred to in section 4660 of the Labor Code, which provides for the determination of percentage of permanent disability, is not such disability as impairs present earning power only, but embraces any loss of physical functions which detract from former efficiency in the ordinary pursuits of life.  ▇  In the case of *Department of Motor Vehicles* v. *Industrial Acc. Com.* (1939), 14 Cal.2d 189, 192 [93 P.2d 131], the court states:

". . . It is the prospective loss of future earning power under the existing handicap of physical impairment that is to be considered; and ability to do the exact work formerly done by the employee is not the sole measure of disability."

In view of this, it cannot be said in lieu of a finding thereon that the commission based its award to respondent on a determination that he could no longer pursue his former occupation.

Section 12 of Ordinance No. 1079 New Series provides, in part, as follows: "Should any member become physically disabled by reason of any injury received in or illness caused by or arising out of the performance of duty, the Board shall, upon the written request of said member, or his guardian, or without such request if it deem it for the good of the service, order that such member be retired from active service."

Appellant advances the further argument that a distinction must be drawn between the meaning of the words "physically disabled" in the ordinance and the words "permanent disability" as used in the workmen's compensation statutes and by the commission in its decision. It is our view that this argument has merit. As the cases indicate above, the latter phrase encompasses any injury or disfigurement which causes impairment of earning capacity, impairment of the normal use of a member, or a competitive handicap in the open labor market, irrespective of whether or not the employee returns to or continues his former occupation. (2 Hanna, The Law of Employee Injuries and Workmen's Compensation, 255 [1954]). The language of the city ordinance indicates that its purpose is to provide income to an employee upon his retirement, whether that retirement be occasioned by length of service or disability, and to provide a measure of relief to the employee's dependents upon his death. Section 26 thereof provides: "[a]ny person retired for disability under this ordinance may be summoned before the Board at any time and

shall submit himself for examination as to his fitness for duty. . . .''

▮ ''Permanent disability'' as that term is used with reference to the workmen's compensation laws, ''covers every type of impairment, including some as to which the disability feature is almost purely theoretical . . .'' (2 Hanna, The Law of Employee Injuries and Workmen's Compensation, 259). Thus, the loss of even one phalanx of a finger or toe constitutes a partial permanent disability, as does the loss of taste or smell, even though, from a practical standpoint, such may produce no real loss of ability to work or earn. To construe the provisions of Ordinance No. 1079 that any nonincapacitating injury is within the purview of section 12 of said ordinance, thereby entitling its recipient to retirement on a disability pension thereunder, would reduce the meaning of the ordinance to an absurdity. ▮ It is a well established rule ''where the language of a statute is reasonably susceptible of two constructions, one of which in application will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted.'' (*City of Los Angeles* v. *Pacific Tel. & Tel. Co.* (1958), 164 Cal.App.2d 253, 256-257 [330 P.2d 888]).

▮ Hence, the board was required to interpret the words ''physically disabled'' as they appear in the ordinance to mean incapacitated with regard to prior occupation, it was required to determine not only whether respondent had incurred the injury in the performance of duty, but also whether said injury had rendered him incapable of continuing his former employment. As was previously indicated, the commission's decision only determined the first of these two issues. Even if the decision of the commission could be construed as being final, thereby rendering the doctrine of res judicata applicable to that issue, there was still one remaining question incumbent upon the board to answer. The board gave its answer and the court below found the evidence was sufficient to support the conclusion and in this particular, the respondent does not contend to the contrary. Therefore, we conclude that the decision of the Industrial Accident Commission was not final for the following reasons:

The commission retained continuing jurisdiction for a period of five years following the award which had not yet expired and there was lack of identity of issues, making the

doctrine of res judicata inapplicable as applied by the court below.

The judgment is reversed and the writ of mandate is discharged.

Draper, Acting P. J., and Shoemaker, J., concurred.