[Civ. No. 20699.   First Dist., Div. One.   May 1, 1963.]

CHARLES J. SOLARI, Plaintiff and Respondent, v. ATLAS-UNIVERSAL SERVICE, INC., Defendant and Appellant.

Pelton, Gunther & Gudmundson and Charles E. Goff for Defendant and Appellant.

Watson A. Garoni and Thomas J. Williams for Plaintiff and Respondent.

MOLINARI, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in a personal injury action.

## QUESTION PRESENTED

The sole question presented on appeal is whether the finding in a proceeding before the Industrial Accident Commission that an applicant did not receive certain injuries in a particular accident is res judicata in a subsequent superior court action for damages for personal injuries against a third-party tortfeasor arising out of the same accident.

### *The Record*

On October 17, 1958, the respondent, Charles J. Solari, hereinafter called "Solari," was struck on the head and body while unloading a steel frame from a truck in the course of his employment for Williams & Burrows, Inc. The truck was owned by the appellant, Atlas-Universal Service, Inc., hereinafter called "Atlas," whose employee, Ed Wells, the operator of said truck, assisted in said unloading operations. Solari made an application to the Industrial Accident Commission, hereinafter referred to as the "Commission," for compensation for the injuries alleged to have been sustained in said accident against his employer and its insurance carrier. A hearing was had on said application and compensation benefits were awarded to Solari. Among the findings of fact made by the referee of the Commission in his "Findings and Award" were the following: "1. Applicant, Charles J. Solari, while employed as a carpenter . . . on October 17, 1958, by Williams and Burrows sustained injuries consisting of contusions to his left arm, left hip and back arising out of and occurring in the course of his employment. . . . 2. The evidence fails to establish that applicant sustained any injury to his head. 3. Said injury resulted in temporary total disability . . . for which applicant has been fully compensated. 4. Said injury did not result in any permanent disability." Solari thereafter brought an action against Atlas for personal injuries. The complaint alleged in substance that on October 17, 1958, Atlas, while delivering and unloading steel frames, negligently handled the frames and let one fall, striking Solari severely on the head and body, throwing him to the ground  The complaint further alleged

that the blow aggravated a severe lineal skull fracture, caused contusions of the chest, lower back and left knee sprains, profound shock, neurosis and nervousness, and further alleged that these injuries were permanent. Atlas in its answer denied the allegations of the complaint and raised the affirmative defenses of contributory negligence and assumption of risk. The "Pre-trial Conference Order" has not been made a part of the transcript on appeal, but both sides concede in their briefs that the issues therein defined were as follows: negligence, proximate cause, what injuries were caused by the accident, contributory negligence, and the amount of damages if liability was established. The claim of res judicata was not raised in the pleadings or at the pretrial conference, but was urged for the first time during the course of the trial and under the circumstances we shall hereafter narrate.

The first witness called for the plaintiff was Solari himself. On direct examination Solari testified concerning the happening of the accident and his injuries, generally, and in particular the injuries to his head. During the course of Solari's cross-examination Atlas offered in evidence a certified copy of certain original documents filed in the office of the Commission. Among these was included the "Findings and Award" of the Commission containing the findings hereinabove alluded to. Counsel for Solari stipulated that the documents offered were true and correct copies of the originals in the Commission's files, but objected to their admissibility on the basis of relevancy. The objection was sustained by the court. It was agreed between the court and counsel for the respective parties that in view of such offer it was understood that Atlas was objecting to the introduction of any evidence of head injury or permanent disability. During the course of the trial further evidence as to the head injury and the permanency thereof was received by the court. A motion to strike all of such testimony made after all the evidence was in was denied, as were motions for nonsuit and directed verdicts on the limited issues of head and permanent injuries. All of these motions were grounded on the res judicata effect of the Commission's findings and award. The jury returned a verdict for $20,000 upon which judgment thereon was entered. This appeal is taken from the judgment after Atlas' motion for a new trial was denied. Appellant's sole contention on appeal is that the trial court erred in admitting evidence that Solari sustained a head injury and permanent injuries over the objection that

592

the findings and award of the Commission to the contrary were res judicata on these issues.

## The Applicability of Res Judicata

■ As stated in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.*, 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439] : "The doctrine of res judicata has a double aspect: (1) it 'precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.' (2) 'Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.' " (P. 604.) (Citing and quoting from *Bernhard* v. *Bank of America*, 19 Cal.2d 807, 810 [122 P.2d 892].) The latter aspect of the doctrine is known as collateral estoppel. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra.*)

■ The defense of res judicata is a complete bar to an action; the claim of collateral estoppel, on the other hand, is concerned with the conclusiveness of a prior determination of a particular issue. (*Servente* v. *Murray*, 10 Cal.App.2d 355, 359 [52 P.2d 270].) Accordingly, the defense of res judicata contemplated in the first aspect must be pleaded as new matter if there be an opportunity to do so. (Code Civ. Proc., § 1962, subd. 6;[1] *Strong* v. *Owens*, 91 Cal.App.2d 336, 338-339 [205 P.2d 48]; *Carter* v. *Superior Court*, 142 Cal.App.2d 350, 358 [298 P.2d 598]; *Haines* v. *Pigott*, 174 Cal.App.2d 805, 808 [345 P.2d 339]; *Reeh* v. *Reeh*, 69 Cal.App.2d 200, 206 [158 P.2d 751]; 3 Witkin, Cal. Procedure, § 47, p. 1931; see also *Rideaux* v. *Torgrimson*, 12 Cal.2d 633, 638 [86 P.2d 826].) If there be no such opportunity the judgment itself may be used as evidence. (Code Civ. Proc., § 1962, subd. 6; *Strong* v. *Owens, supra*; *Madruga* v. *Borden Co.*, 63 Cal.App.2d 116, 123 [146 P.2d 273]; *Rideaux* v. *Torgrimson, supra*; *Haines* v. *Pigott, supra*; and see *Johnston, Baker & Palmer* v. *Record Machine & Tool Co.*, 183 Cal.App.2d 200, 211 [6 Cal.Rptr. 847].) ■ In the case of collateral estoppel, however, it has been held that no special plea is required on the theory. that such an estoppel merely involves conclusive evidence of a fact in issue, i.e., some fact constituting either matter of defense or an element of a cause of action, rather than a

[1]Code Civ. Proc., § 1962, provides: "The following presumptions, and no others, are deemed conclusive: . . . 6. The judgment or order of a court, when declared by this code to be conclusive; but such judgment or order must be alleged in the pleadings if there be an opportunity to do so; if there be no such opportunity, the judgment or order may be used as evidence."

complete defense to the action. (*Spurr* v. *Daniels,* 152 Cal.App. 2d 867, 873 [313 P.2d 621]; *Gough* v. *Gough,* 101 Cal.App.2d 262, 269 [225 P.2d 668]; *Blumenthal* v. *Liebman,* 109 Cal.App. 2d 374, 378 [240 P.2d 699].)

The appellant does not seek to bar Solari's action in its entirety, but to foreclose an element of the latter's cause of action, i.e., the issues of head injury and the permanency of said injury. Accordingly, the appellant concedes that if the doctrine of res judicata is applicable it is on the basis of collateral estoppel.[2] ■ In determining the validity of the plea of collateral estoppel, three questions are pertinent: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? and (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America,*[3] *supra; Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra.*) ■ Before proceeding to answer these questions in the present case we should point out that it has been held that the Industrial Accident Commission is a constitutional court and that its final decisions are given res judicata effect. (*Scott* v. *Industrial Acc. Com.,* 46 Cal.2d 76, 83 [293 P.2d 18]; *French* v. *Rishell,* 40 Cal.2d 477, 480 [254 P.2d 26]; *Duprey* v. *Shane,* 39 Cal.2d 781, 790 [249 P.2d 8]; *Goodman Bros., Inc.* v. *Superior Court,* 51 Cal.App.2d 297 [124 P.2d 644]; see Cal. Const., art. XX, § 21; and see Lab. Code, § 5302; also see 3 Witkin, Cal. Procedure, § 45, pp. 1927, 1928.)

■ We dispose of the last question first, and answer it in the affirmative because it is undisputed that Solari was a party to the prior adjudication made by the Commission. ■ Proceeding to the second question, which has to do with the finality of the determination, we are of the opinion that it should be answered in the negative. This conclusion is impelled by the provisions of sections 5803-5805 of the Labor Code.[4] The essence of these provisions is that with the exception of

[2]The respondent likewise treats the applicability of the doctrine on the basis of collateral estoppel. Although he does make a passing reference in his brief to the circumstance that the doctrine was not raised either in pleading or at the pretrial conference, but on the second day of trial, no claim is made that the plea has been waived.

[3]In the *Bernhard* case the Supreme Court rejected the doctrine of mutuality of estoppel that had theretofore been applied to limit the scope of collateral estoppel.

[4]§ 5803: "The commission has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be

the finding as to employment, the Commission has continuing jurisdiction for five years from the date of injury within which to rescind, alter, or amend any of its orders, decisions and awards. (Lab. Code, § 5804.)[5] As to the finding of employment, which goes to the jurisdiction of the court, the Commission, after an award has been made finding that there was employment, does not have the power, upon a petition to reopen, to find that there was no employment after the time to petition for a rehearing or reconsideration or review has expired, or after the determination of such petition, if made.[6] (Lab. Code, § 5804.) It appears, however, that where there has been a finding of no employment, it is not res judicata in a subsequent proceeding brought before the Commission on this issue as long as the petition to reopen is made within the five-year period. (See *Cowell* v. *Industrial Acc. Com.*, 11 Cal.2d 172, 177-178 [78 P.2d 1016] ; *Employers' Liab. Assur. Corp.* v. *Industrial Acc. Com.*, 7 Cal.App.2d 190, 193 [45 P.2d 371] ; and see *Sutton* v. *Industrial Acc. Com.*, 46 Cal.2d 791, 793-796 [298 P.2d 857].) Accordingly, in view of the statutory power given to the Commission to rescind, alter or amend any order, decision or award within five years from the date of injury (excepting the limitation to reopen to find no employment) an order, decision, or award *is not final* until that period shall have expired. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 73 Cal.App.2d 248, 253-254 [166 P.2d 310] ; *Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522 [265 P. 195] ; *Pullman Co.* v. *Industrial Acc. Com.*, 28 Cal.2d 379 [170 P.2d 10] ; see *DeCelle* v. *City of Alameda*, 186 Cal.App.2d 574, 578-579 [9 Cal.Rptr. 549].) ■ The doctrine of res judicata is not applicable, therefore, to such orders, decisions, or awards during that five-year period. (*DeCelle* v. *City of Alameda*,

---

heard is given to the parties in interest, the commission may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.''

§ 5804: ''No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury. Provided, however, that after an award has been made finding that there was employment and the time to petition for a rehearing or reconsideration or review has expired or such petition if made has been determined, the commission upon a petition to reopen shall not have the power to find that there was no employment.''

§ 5805: ''Any order, decision, or award rescinding, altering or amending a prior order, decision, or award shall have the effect herein provided for original orders, decisions, and awards.''

[5]See also section 5410 of the Labor Code containing similar language where the original injury causes new and further injury.

[6]This provision was added in 1951.

*supra,* p. 579; 2 Witkin, Summary of Cal. Law, § 133, p. 1767; 1 Hanna, The Law of Employee Injuries and Workmen's Compensation, p. 82.) In the case at bench, the particular issue claimed to be subject to collateral estoppel did not involve the fact of employment, but a finding that no head injury and no permanent injury had been sustained. This determination was not final but was subject, under the continuing jurisdiction of the Commission, to recission, alteration or amendment for five years from the date of Solari's injury, i.e., until October 17, 1963.

The appellant cites section 5302 of the Labor Code[7] as authority for the proposition that the findings of the Commission may not be collaterally attacked. This section has been interpreted to mean that whenever an award of the Commission is shown, it is to be conclusively presumed as against any kind of attack, collateral or otherwise, to be lawful and binding, unless it is shown to have been modified or set aside by the Commission or by a reviewing court as provided in the Workmen's Compensation Act. (See *Thaxter* v. *Finn,* 178 Cal. 270, 274 [173 P. 163], construing section 73 of the act, a predecessor section to 5302.) The plain meaning of this section, which recognizes the continuing jurisdiction of the Commission to rescind, alter or amend its orders, accordingly, is that the Commission's findings may not be attacked directly or collaterally. It does not mean, however, in view of the fact that such orders are not final, that such orders may be used defensively in a subsequent proceeding under the doctrine of res judicata. The *Thaxter* case is relied upon by the appellant in support of its contention. In *Thaxter* the employee had obtained an award from the Commission against his employer, his employer's general contractor and the general contractor's insurance carrier. The award was not challenged either by a petition for a rehearing, or for modification or for review by any court. The general contractor and its carrier refused to comply with the award and a writ of execution was issued upon a judgment entered upon the findings and award as provided in the act. The sheriff refused to act upon the writ, whereupon mandamus was sought in the Supreme Court to compel its enforcement. The writ was resisted on the ground

---

[7]§ 5302: ''All orders, rules, findings, decisions, and awards of the commission shall be prima facie lawful and conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the commission or upon a review by the courts within the time and in the manner specified in this division.''

that the Commission had no authority to make an award except against the subcontractor who was the immediate employer of the injured employee. In issuing mandamus, the Supreme Court held that while the award would have been annulled by it for want of power in the Commission to make the same if proceedings to review the award had been instituted within the time allowed by the act, the award was not subject to attack because no proceedings for a review had been inaugurated within the time limited by the act. This case is distinguishable from the case at bench, not only because it does not involve a case of collateral estoppel in a subsequent proceeding, but because it was a collateral attack upon the jurisdiction of the Commission upon an award which became *"absolutely final and conclusive"* (p. 278; italics added) upon the general contractor and its carrier when they failed to ask for any rehearing before the Commission and failed to ask for any review by the Supreme Court or the District Court of Appeal within the time allowed by the act. Two other cases cited by the appellant, i.e., *North Pacific S.S. Co.* v. *Soley,* 193 Cal. 138 [223 P. 462], and *Arbogast* v. *Richardson,* 119 Cal.App. 316 [6 P.2d 98], involved situations factually similar to *Thaxter* wherein it was sought collaterally to review an award of the Commission which had become final.

The appellant relies upon several cases in support of its position that collateral estoppel is applicable in the present case. These are readily distinguishable from the case at bench. In *Merino* v. *Pacific Coast Borax Co.,* 124 Cal.App. 336 [12 P.2d 458], an employer, who had been required by the Commission to pay compensation to the survivors of an employee, who was killed in the course of his employment, brought an action for indemnity against the negligent third party and its insurance carrier. The appellate court held that the defendants in the third party action could not question the amount paid by the employer to the deceased workman's beneficiaries pursuant to the award on the basis of res judicata because they had been parties to the proceedings had before the Commission where they had appeared and had their rights adjudicated. (The proceedings were dismissed as to them.) The case of *California-Western etc. Ins. Co.* v. *Industrial Acc. Com.,* 39 Cal.2d 104 [244 P.2d 912], involved a direct attack upon an award within the time provided by law. There the employer's unemployment insurance carrier *had appeared* in the proceedings before the Commission and had requested a lien against the employer's workmen's compensation carrier. The request

was denied. On review the Commission argued that because its order was presumed valid under section 5302 of the Labor Code, the compensation carrier was relieved from liability when it paid the compensation benefits to the injured employee on the 16th day after the award. The Supreme Court annulled the award, and held that the award was not final until the 20th day, and that therefore the petitioner's petition for a rehearing on the 20th day was within time so as to permit a direct attack on the order denying the lien. *Scott* v. *Industrial Acc. Com., supra,* 46 Cal.2d 76, was concerned with jurisdiction. Scott brought an action for damages for personal injuries against Pacific Coast Borax Company. While this action was pending, the company initiated proceedings before the Industrial Accident Commission for the adjustment of claim arising out of the same personal injuries as those alleged by Scott in the superior court action. The company claimed, and Scott disputed, that the injuries were suffered while Scott was acting as the company's employee. Scott thereupon sought prohibition to halt the proceedings pending before the Commission until a final judgment was reached in the superior court action. The Supreme Court granted the writ predicated upon the rule that where two or more tribunals have concurrent jurisdiction, the tribunal first assuming jurisdiction retains it to the exclusion of all other tribunals in which the action might have been initiated. The rationale of the reviewing court was that the only point of concurrent jurisdiction of the two tribunals is *jurisdiction to determine jurisdiction,* and that jurisdiction once determined will be exclusive, not concurrent. The court recognized the implications of res judicata with the following statement: ''The determinations of the commission, like those of the superior court, are res judicata in all subsequent proceedings, including court actions, between the same parties or those privy to them. [Citations.] Thus, if there is a *final* determination as to the matter of coverage (i.e., of jurisdiction) in either the commission or the superior court proceedings, such determination will be res judicata in subsequent proceedings before the other tribunal between the same parties. . . .'' (P. 83, italics added.) This language is indicative of the court's cognizance of the requisite of finality of determination in the application of res judicata, and, in our opinion, is supportive of the reason for holding that a *final* determination as to jurisdiction by the tribunal first assuming jurisdiction to determine jurisdiction is res judicata in a subsequent proceeding before the other tribunal.

In *French* v. *Rishell, supra,* 40 Cal.2d 477, strongly relied upon by the appellant, the widow of a fire department official sought to compel a city to pay her a pension pursuant to a section of the city charter which provided "for the payment of a pension to the family of a member of the fire department who dies as a result of an injury or disability incurred while in the performance of his duty." (P. 479.) The Commission had previously determined that her husband's death proximately resulted from an injury occurring in the course and arising out of his employment. The city's pension board subsequently denied her application, whereupon she initiated proceedings in mandamus. The Supreme Court, in affirming the judgment granting the writ, held that the finding of the Commission that the deceased's death proximately resulted from an injury occurring in the course and scope of his employment was res judicata of that question in the subsequent mandamus proceeding against the pension board for the payment of the pension. *French,* which involved the issue of employment, is also distinguishable upon the question of finality. The Supreme Court specifically stated in its opinion that " [n]o question is raised as to . . . whether the decision of the commission is a final adjudication. . . . "[8] (Pp. 479-480.) The remaining cases cited by appellant are in accord with the conclusions herein reached by us. They all deal with situations where the prior finding of the Commission was held to be res judicata in a subsequent action because it was a final and conclusive determination of a fact in issue.[9]

The respondent has cited *DeCelle* v. *City of Alameda, supra,* 186 Cal.App.2d 574, in support of his contention that res judicata is not applicable to the orders of the Commission during the five-year period of continuing jurisdiction. In *DeCelle,* the Commission found on December 1, 1955, that De-Celle, a fireman, had sustained an injury on January 18, 1955, which was caused by and arose out of his employment by the City of Alameda. The Commission also found that by reason of said injury the petitioner was permanently disabled from

---

[8]Moreover, both parties admitted in their pleadings that the findings and award of the Commission had become final.

[9]*Gerini* v. *Pacific Employers Ins. Co.,* 27 Cal.App.2d 52, 54 [80 P.2d 499] (fact of employment); *Williams* v. *Southern Pac. Co.,* 54 Cal. App. 571, 580 [202 P. 356] (fact of employment in intrastate commerce); *United States F. & G. Co.* v. *Superior Court,* 214 Cal. 468, 469-471 [6 P.2d 243] (existence of policy affording insurance coverage); *Judd* v. *Chabeck,* 162 Cal.App.2d 574, 579 [328 P.2d 245] (fact of employment and that employer was uninsured).

performing his duties as a member of the fire department of said city. The city thereafter filed a petition for reconsideration with the Commission, and on October 5, 1956, the Commission rescinded its former findings and order and signed new findings of fact and award which was the same as previously allowed except that it did not contain therein a finding that by reason of said injury petitioner was permanently disabled from performing his duties as a member of said fire department. Thereafter, and on June 25, 1958, the pension board of said city heard arguments and received evidence in connection with DeCelle's application for a retirement pension and on September 10, 1958, denied a disability pension. In a subseqent mandamus proceeding the superior court found that the findings of the Commission were res judicata as to the pension board. The trial court was reversed on appeal, the holding of the appellate court being that there was no finality in the Commission's award, and, moreover, that there was no identity as to issues involved. The reviewing court distinguished the *French* case on the basis that in *French* it was specifically stated that no question was there raised as to the identity of the issue involved or as to the finality of the Commission's award. *DeCelle* points out that under sections 5803-5805 of the Labor Code the Commission had continuing jurisdiction for five years from the date of DeCelle's injury, or until January 18, 1960, to rescind, alter or amend its prior orders, and that accordingly the doctrine of res judicata was not applicable to said orders during that five-year period. No reference was made by the court, however, to the limitation imposed by section 5804 as to the time limit to reopen to find that there was no employment after an award has been made finding that there was employment. As pointed out above, we are in accord with the general principle announced in *DeCelle* as to the nonfinality of the Commission's orders during the five-year period, but we take cognizance of the limitation which we apprehend to exist in section 5804 with reference to the fact of employment.

We are also of the opinion that the issue urged to be conclusively determined in the present action was not identical to the one decided by the Commission. As stated in *Scott* v. *Industrial Acc. Com., supra,* 46 Cal.2d 76: "It is elementary that the type and extent of relief which can be granted and the factors by which such relief is determined differ materially between the two tribunals; the superior court cannot award workmen's compensation benefits, and the com-

mission cannot award damages for injuries.'' (P. 83.)

The purpose of workmen's compensation is to rehabilitate, not to indemnify, and its intent is limited to assuring the injured workman subsistence while he is unable to work and to effectuate his speedy rehabilitation and reentry into the labor market. (2 Hanna, The Law of Employee Injuries and Workmen's Compensation, pp. 15-16.) The liability under the Workmen's Compensation Act is neither strictly in tort nor in contract, but is imposed incident to employment and against the employee's employer or the employer's insurance carrier. (*Deauville* v. *Hall,* 188 Cal.App.2d 535, 542-543 [10 Cal.Rptr. 511].) The insured employer is not liable for industrial injuries to his employees under general tort principles but only by virtue of the workmen's compensation provisions of the Labor Code, while the liability of a third person who has caused such injury is based on general tort principles.[10] (*Lamoreux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617, 625-626 [311 P.2d 1].) Accordingly, the issues and items in an industrial accident proceeding for compensation are different than those recoverable in an action for damages against a third party by whose negligence the employee has been injured. (*Duprey* v. *Shane, supra,* 39 Cal.2d 781, 794.) Thus physical pain and mental suffering are not compensable in a workman's compensation proceeding unless they affect the employee's ability to work, while in an action against such third person damages for such pain and suffering may be awarded irrespective of their effect upon the ability to work. (*Jacobsen* v. *Industrial Acc. Com.,* 212 Cal. 440, 447-448 [299 P. 66] ; *West* v. *Industrial Acc. Com.,* 79 Cal. App.2d 711, 718 [180 P.2d 972].)

In the instant case a major portion of the damages pleaded and proved was for what Dr. Bricca, witness for Solari, termed neurosis. The said doctor testified that as a result of the accident in question Solari received some injury to his head or at least nervous shock which made him extremely apprehensive and fearful of high places. Such a neurosis, unless it affected Solari's ability to work, would not be compensable under the Workmen's Compensation Act. It is conceivable, therefore, that an employee could sustain a head injury which would give him pain and suffering, or cause neurosis, but which would not affect his ability to work. Such an injury would be commensurate with a finding by the Com-

---

[10]Actions against third persons are provided for in Labor Code section 3852.

mission that no head injury was sustained, and tantamount to a declaration that the employee is not entitled to compensation for such injury. Such a finding, however, is not a determination that there was no head injury at all.

The appellant makes the further contention that the question of res judicata is one of fact and therefore should have been submitted to the jury. This assertion is without merit. It is well established that the determination of this question is one of law for the trial court in the exercise of its jurisdiction. (*Baird* v. *Superior Court,* 204 Cal. 408, 412 [268 P. 640] ; *Liberty Mutual Ins. Co.* v. *Superior Court,* 62 Cal. App.2d 601, 611 [145 P.2d 344] ; *DeCelle* v. *City of Alameda, supra,* 186 Cal.App.2d 574, 579.)

The judgment is affirmed.

Bray, P. J., and Sullivan, J., concurred.

A petition for a rehearing was denied May 15, 1963, and appellant's petition for a hearing by the Supreme Court was denied June 26, 1963.