[No. F016644. Fifth Dist. June 11, 1992.]

MICKEY AZADIGIAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, INLAND
SHOWCASE & FIXTURE et al., Respondents.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Facts and Procedural History, and sections I, II.B.3, II.B.4, II.C, and III.*

**COUNSEL**

James P. Samarco for Petitioner.

Hanna, Brophy, MacLean, McAleer & Jensen, Richard W. Krum, Emerson & Yrulegui, James P. Witherow and Tom J. Leath for Respondents.

**OPINION**

**DIBIASO, J.**—Petitioner Mickey Azadigian seeks review and annulment of decisions of respondent Workers' Compensation Appeals Board (hereinafter WCAB or the board), as well as a remand to the board with directions to award him all appropriate benefits. Specifically, Azadigian challenges (1) the denial of his petition to set aside dismissal of his application in case No. 86 FRE 77840, and (2) the subsequent denial of his petition for reconsideration of that ruling and for reconsideration of orders dismissing case Nos. 80506 and 98880. Our writ of review issued on December 6, 1991.

We will affirm the orders denying the petitions to set aside the dismissal and for reconsideration in case No. 77840. We will annul the order dismissing case Nos. 80506 and 98880, and remand with instructions. In the published section of this opinion, we will hold that conclusive orders and awards of the WCAB are final for purposes of the doctrine of res judicata, notwithstanding the board's continuing jurisdiction under Labor Code[1] section 5803. In the unpublished portion, we will hold the board's findings do not support application of the defense in case Nos. 80506 and 98880.

---

[1]All statutory references are to the Labor Code.

STATEMENT OF FACTS AND PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I. *Petition to Set Aside Dismissal (Case No. 77804)**

. . . . . . . . . . . . . . . . . . . . . . . . . .

II. *The Petition for Reconsideration (Case Nos. 77840, 80506, and 98880)*

A. *Azadigian's Contentions*

Section 5903 provides:

"At any time within 20 days after the service of any final order, decision, or award made and filed by the appeals board or a workers' compensation judge granting or denying compensation, or arising out of or incidental thereto, any person aggrieved thereby may petition for reconsideration upon one or more of the following grounds and no other:

"(a) That by the order, decision, or award made and filed by the appeals board or the workers' compensation judge, the appeals board acted without or in excess of its powers.

"(b) That the order, decision, or award was procured by fraud.

"(c) That the evidence does not justify the findings of fact.

"(d) That the petitioner has discovered new evidence material to him or her, which he or she could not, with reasonable diligence, have discovered and produced at the hearing.

"(e) That the findings of fact do not support the order, decision, or award.

"Nothing contained in this section shall limit the grant of continuing jurisdiction contained in Sections 5803 to 5805, inclusive."

Although Azadigian's petition for reconsideration mentioned all of the grounds set out in the statute, in reality he relied only upon two. First,

---

*See footnote, *ante*, page 372.

Azadigian maintained the dismissal of his cumulative heart trauma claim presented in case No. 77840 was not res judicata as to, and thus did not bar prosecution of, the cumulative heart trauma claims represented by case Nos. 80506 and 98880. (§ 5903, subds. (a), (e).) Second, he maintained the evidence did not justify the board's finding that good cause to reopen case No. 77840 had not been shown. (§ 5903, subd. (c).)

## B. *Res Judicata*

### 1. *General Principles*

■ "The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. [Citations.] The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. [Citations.] The doctrine also serves to protect persons from being twice vexed for the same cause. [Citation.]" (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810-811 [122 P.2d 892].)

■ The WCAB (formerly the Industrial Accident Commission) is a constitutional court; hence, its final decisions are given res judicata effect. (*Dow Chemical Co.* v. *Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 483, 491 [62 Cal.Rptr. 757, 432 P.2d 365]; *Dakins* v. *Board of Pension Commissioners* (1982) 134 Cal.App.3d 374, 381 [184 Cal.Rptr. 576]; *Solari* v. *Atlas-Universal Service, Inc.* (1963) 215 Cal.App.2d 587, 593 [30 Cal.Rptr. 407].) The principle applies to both subsequent civil actions and subsequent workers' compensation proceedings. (*Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 633 [102 Cal.Rptr. 815, 498 P.2d 1063].)

■ The doctrine of res judicata has a double aspect:

" '(1) [I]t "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." (2) "Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action." ' [Citations.] The latter aspect of the doctrine is known as collateral estoppel. [Citation.] The defense of res judicata is a complete bar to an action; the claim of collateral estoppel, on the other hand, is concerned with the conclusiveness of a prior determination

of a particular issue. [Citation.]" (*Solari* v. *Atlas-Universal Service, Inc.*, *supra*, 215 Cal.App.2d at p. 592.)[6]

Three questions are relevant to the determination of whether the defense applies in a particular situation: "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America, supra*, 19 Cal.2d at p. 813; see also *Levy* v. *Cohen* (1977) 19 Cal.3d 165, 171 [137 Cal.Rptr. 162, 561 P.2d 252].) We will address each question as it applies to this case, though in a different order.

## 2. *Final Judgment*

The WCAB has continuing jurisdiction over its orders, decisions, and awards. "At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor." (§ 5803.) In addition, it may rescind, alter or amend an award of compensation within five years of the date of injury upon petition filed during that time by a party. (§ 5804.) Azadigian contends that because the board retained jurisdiction under section 5803, the order dismissing case No. 77840 was not a final judgment. Thus, he maintains his applications in case Nos. 80506 and 98880 should not have been dismissed, even if his petition to set aside the dismissal in case No. 77840 was properly denied.

Azadigian finds support for his argument in a number of opinions which have said that a ruling of the board is not final for purposes of res judicata during the period of continuing jurisdiction pursuant to sections 5803 and 5804. (See, e.g., *Gilbert* v. *City of Los Angeles* (1973) 33 Cal.App.3d 1082, 1088 [109 Cal.Rptr. 622]; *Edwards* v. *City of Chico* (1972) 28 Cal.App.3d 148, 155 [104 Cal.Rptr. 481]; *Casualty Ins. Co.* v. *Industrial Acc. Com.* (1964) 226 Cal.App.2d 748, 756-757 [38 Cal.Rptr. 364]; *Solari* v. *Atlas-Universal Service, Inc., supra*, 215 Cal.App.2d at pp. 593-595; *DeCelle* v. *City of Alameda* (1960) 186 Cal.App.2d 574, 582-583 [9 Cal.Rptr. 549]; *State Comp. Ins. Fund* v. *Ind. Acc. Comm.* (1946) 73 Cal.App.2d 248, 253-254 [166 P.2d 310]; *Employers' L. A. Corp.* v. *Indus. Acc. Com.* (1935) 7 Cal.App.2d 190, 193 [45 P.2d 371].) However, none of these cases took into account the requirement of section 5803 that "good cause" be established

---

[6]The Restatement Second of Judgments uses the term "claim preclusion" to identify the first, and principal, feature of res judicata, and the term "issue preclusion" to identify its collateral estoppel attribute. (Rest.2d Judgments, ch. 1, p. 1.)

before a compensation proceeding may be reopened. For this reason, we will not follow them.

The existence of good cause is essential to the exercise of the continuing jurisdiction vested in the WCAB by section 5803. (*Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 1001, 1012 [163 Cal.Rptr. 339].) Without such proof, the board has no power to disturb its prior ruling. (*Merritt-Chapman & Scott Corp.* v. *Indus. A. C.* (1936) 6 Cal.2d 314, 316-317 [57 P.2d 501]; *Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd.*, *supra*, at p. 1012.)

The issue in *Merritt-Chapman & Scott Corp.*, *supra*, was whether the evidence justified the Industrial Accident Commission's finding of good cause to reopen. The Supreme Court construed section 20(d) of the Workmen's Compensation Act, as enacted in 1917. That section, which is the predecessor of section 5803 (see *Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd. supra*, 103 Cal.App.3d at p. 1012), gave the Industrial Accident Commission continuing jurisdiction to amend, rescind, or alter its orders, decisions, or awards for 245 weeks from the date of injury, if good cause to do so was shown. (*Merritt-Chapman & Scott Corp.* v. *Indus. A. C.*, *supra*, 6 Cal.2d at p. 315.) The California Supreme Court stated:

"Despite the fact, however, that this section has been liberally construed by the appellate courts in an effort to secure full justice to injured employees, the section itself contains a definite limitation upon the power of the commission. This is the requirement that good cause appear for rescinding, altering or amending the former award of the commission. . . . *In the absence of any such circumstance justifying a reexamination of the controversy, the commission is powerless to act, and the former award or orders are final and invulnerable.* In other words, the existence of some fact or circumstance which warrants the conclusion that the challenged award is inequitable is a necessary element to the exercise of continuing jurisdiction of the commission under the authority of section 20(d) [now section 5803]." (6 Cal.2d at pp. 316-317, italics added.)

*Merritt-Chapman & Scott Corp.* illustrates a particular application of certain general principles of administrative jurisdiction. An administrative agency has no inherent or implied authority to reopen or reconsider a conclusive decision; it may do so only to the extent such jurisdiction is expressly conferred by statute. (*Heap* v. *City of Los Angeles* (1936) 6 Cal.2d 405, 407 [57 P.2d 1323]; *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 97 [31 Cal.Rptr. 524]; see also *Long Beach Unified Sch. Dist.* v. *State of California* (1990) 225 Cal.App.3d 155, 169 [275 Cal.Rptr.

449].) In the case of the WCAB, the capacity to revisit prior orders and rulings is given by section 5803, but this power arises only upon a satisfactory showing of good cause.

The order dismissing case No. 77840 entirely disposed of Azadigian's claim for benefits based upon the facts set out in his application. (See § 5815.) Under sections 5900 and 5903, Azadigian had 20 days from the date of service of the order to petition for reconsideration upon one or more of the grounds listed in section 5903. He did not do so. Alternatively, the board had 60 days after the date the order was filed to grant reconsideration on its own motion. (§ 5900, subd. (b).) It did not do so. When the later of those two time limits expired, the board lost jurisdiction to reexamine the order, except to the extent allowed by section 5803. (See *Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 979 [104 Cal.Rptr. 42, 500 P.2d 1386]; *Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd.*, *supra*, 103 Cal.App.3d at p. 1012.) Since we have found, in an unpublished section of this opinion, that the denial of Azadigian's petition to reopen was supported by substantial evidence, the board's order dismissing case No. 77840 is "final and invulnerable." (*Merritt-Chapman & Scott Corp.* v. *Indus. A. C.*, *supra*, 6 Cal.2d at p. 317.) In our view, it is therefore final for purposes of the application of the defense of res judicata. (See 2 Hanna, Cal. Law of Employee Injuries and Workmen's Comp. (2d ed. 1966) § 3.08[1], pp. 3-49–3-51.)

This conclusion comports with the Restatement Second of Judgments. According to section 13, a judgment is final if it constitutes the " 'last word' of the rendering court . . . ." (Rest.2d Judgments, *supra*, § 13, com. a, p. 132; *Sandoval* v. *Superior Court* (1983) 140 Cal.App.3d 932, 936 [190 Cal.Rptr. 29].)

"[A final judgment] is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication." (Rest.2d Judgments, *supra*, § 13, com. b, p. 133.)

Although for most uses this concept applies to both aspects of the doctrine of res judicata, the Restatement adopts a less stringent test with respect to collateral estoppel:

"[F]or purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive

effect." (Rest.2d Judgments, *supra*, § 13, p. 132; see also *Sandoval* v. *Superior Court*, *supra*, 140 Cal.App.3d at p. 936.)

The order in issue here fits both Restatement definitions. It was not interim or temporary, but instead was unconditional and determinative, and ended the proceeding adversely to Azadigian's application for benefits. No further "steps in the adjudication of the claim" by the board were necessary.

Our conclusion is compatible with the purposes underlying the defense of res judicata—that is, to "limit[ ] litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy" and "to protect persons from being twice vexed for the same cause." (*Bernhard* v. *Bank of America*, *supra*, 19 Cal.2d at p. 811.) These goals are not served if a party is allowed to resurrect his or her case by simply filing a succession of claims during the period of continuing jurisdiction, despite the lack of any satisfactory reason to believe the initial disposition was unfair or otherwise erroneous.

II.B.3.-III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The orders denying Azadigian's petitions in case No. 77840 are affirmed.

The orders dismissing case Nos. 80506 and 98880 are annulled, and both matters are remanded to the WCAB for further proceedings in accord with the views expressed in this opinion.

Martin, Acting P. J., and Buckley, J., concurred.

---

*See footnote, *ante*, page 372.