145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Campbell INDUSTRIES; Eagle Pacific Insurance Company, Petitioners,
v.
United States Department of Labor Benefits Review Board;
David Fleming, Respondents.
 No. 96-70953.
 BRB No. 94-3904.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted[2] April 7, 1998.
Decided May 11, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before GIBSON[3], SCHROEDER and PREGERSON, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 This case involves David Fleming's Longshore and Harbor Workers' Compensation Act ("LHWCA") claim for permanent disability benefits resulting from an industrial head and neck injury, against his employer Campbell Industries ("Campbell"), and Campbell's insurance carrier, Eagle Pacific Insurance Company. Fleming was injured on September 9, 1989, when a seven pound "jig" hit Fleming in the head from about three feet away.
 
 
 2
 Fleming initially pursued a claim for his injury before the California Workers' Compensation Appeals Board ("WCAB"). The California Worker's Compensation Judge ("WCJ") found that Fleming had not sustained a permanent disability as a result of his industrial injury at Campbell. The WCAB also found that Fleming's temporary disability terminated on February 27, 1990. Fleming filed a motion for reconsideration that the WCAB denied.
 
 
 3
 Fleming then pursued a claim for permanent disability for the same injury under LHWCA. Fleming's LHWCA claim proceeded to a hearing before a Department of labor Administrative Law Judge ("ALJ"). Campbell maintained at the ALJ hearing that collateral estoppel barred the relitigation of Fleming's claim for permanent disability. The ALJ refused to apply collateral estoppel and instead reheard the claim and found that Fleming was totally and permanently disabled. The Benefits Review Board ("BRB") summarily affirmed the ALJ's judgment as an appeal pending for more than one year pursuant to Pub.L. No. 104-134.
 
 
 4
 Campbell argues that the ALJ erred in its refusal to apply collateral estoppel to Fleming's LHWCA claim. We agree and reverse the ALJ's judgment.
 
 
 5
 The key issue in this case is whether the WCAB's decision was final so as to preclude litigation of Fleming's claim under the LHWCA. The difficulty in determining when a WCAB decision becomes final stems from the WCAB's five-year continuing jurisdiction over its decisions. See Cal. Lab.Code §§ 5803-05; 5810. Where a petition to reopen proceedings is filed within five years from the date of injury, the WCAB has the power to decide whether to reopen the case after the expiration of the five-year period, provided certain filing requirements are met. See Nicky Blair's Restaurant v. WCAB, 109 Cal.App.3d 941, 167 Cal.Rptr. 516, 523 (Ct.App.1980).
 
 
 6
 Because Fleming filed a motion to reopen in the state proceedings after the federal hearing and one month before the five years elapsed, he contends that the WCAB decision is not final. There is no duty, however, on the part of the state agency to process a motion to reopen until the claimant files a Declaration of Readiness that the claimant is ready to proceed. Therefore, we cannot assume that the motion to reopen is actively pending before the state board by virtue of the mere filing of the motion, in the absence of any indication that the claimant wishes to pursue the claim.[4]
 
 
 7
 Moreover, the recent case of Azadigian v. WCAB, 7 Cal.App.4th 372, 8 Cal.Rptr.2d 643 (App.Ct.1992), which summarizes some of the prior, seemingly inconsistent California cases from various appellate courts, holds that a WCAB decision is final unless the claimant both files a motion for reopening and shows good cause for the reopening to the board within the five-year period. This claimant never attempted to show good cause to the state board within the five-year period and, under Azadigian, he no longer can. See id.
 
 
 8
 Neither the state nor federal law of res judicata and collateral estoppel permit a claimant to proceed to a final decision under both the state workers' compensation act and the federal Longshoreman's Act. See Bath Iron Works Corp. v. United States Dept. of Labor, 125 F.3d 18, 21 (1st Cir.1997). We therefore conclude that the California courts would hold that the state decision has become final and that Fleming cannot relitigate the issue of his disability in federal court.
 
 
 9
 The order of the BRB is VACATED and the case REMANDED for entry of an order denying benefits.
 
 
 
 [2]
 The Director, Office of Workers' Compensation Programs submitted on the briefs
 
 
 [3]
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [4]
 In fact, it was clear from the argument that Fleming's lawyer filed the motion to reopen only to protect the federal proceedings, in which he had up to that point been victorious, and that he had no intention of pursuing the state proceedings when he filed the motion